*District Attorney*, for appellee.

## A93A2473. FOUCHE v. THE STATE.
(440 SE2d 758)

McMurray, Presiding Judge.

Defendant was tried before a jury and convicted of driving without a license, driving with no insurance and driving with a blood alcohol concentration of .10 grams or more in violation of OCGA § 40-6-391 (a) (4). The trial court entered the following transcript of evidence from recollection pursuant to OCGA § 5-6-41 (g): "About midnight, on September 9, 1992, Brunswick Police Officer Ray Sarro, saw a white male leave a black neighborhood in a car. The officer, over defense objection, described the neighborhood as a high crime area.

"Suspicious upon seeing a white male leaving this black, alleged high crime neighborhood, the Officer followed the car. The Officer had not observed anything illegal at this time.

"After following the car, the Officer testified that he saw the car weave. The Officer stopped the car. Officer Sarro testified that he smelled alcohol on the person he stopped. The driver could not produce a driver license or insurance card. The Officer arrested the driver. The police later identified the driver as [defendant] Billy E. Fouche.

"The Officer testified that Mr. Fouche was extremely drunk. The Officer took Mr. Fouche to the police station where an intoximeter test was administered to the Defendant with a result of .22%. Officer Sarro saw Mr. Fouche converse with Metro Drug Squad Officer at the scene. Officer Sarro did not participate in that conversation.

"Mr. Fouche testified that he had visited a black club looking for a friend. Mr. Fouche told the jury that he had not drunk any alcohol. After leaving the club, Mr. Fouche said that as he drove, a police officer stopped him for no reason. Mr. Fouche denied weaving.

"The Officer arrested Mr. Fouche and took him to the police station. Mr. Fouche alleged that the Officer stopped him without probable cause. Mr. Fouche believed that the Officer stopped him because the Officer saw a white male in a black area."

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first contends the trial court erred in denying his motion to suppress, arguing Officer Sarro's stop of his vehicle was pretextual and therefore illegal. This contention is without merit. Officer Sarro's testimony that he stopped the vehicle defendant was operating after observing it weave in the road is sufficient to authorize the trial court's finding that the stop of defendant's vehicle was not

pretextual. *McIntosh v. State*, 185 Ga. App. 612 (365 SE2d 454).

2. Defendant raises the sufficiency of the evidence in his second enumeration, arguing that "without the illegally seized evidence, no evidence exists to provide a conviction of Mr. Fouche." This argument does not support defendant's enumeration. Nonetheless, the transcript of evidence recorded from recollection pursuant to OCGA § 5-6-41 (g) and exhibits found in the record authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of driving without a license, driving with no insurance and driving with a blood alcohol concentration of .10 grams or more in violation of OCGA § 40-6-391 (a) (4). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Boose v. State*, 185 Ga. App. 728 (365 SE2d 534).

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED FEBRUARY 7, 1994.

James A. Yancey, Jr., for appellant.
Richard H. Taylor, Solicitor, for appellee.