### A95A0657. SHELTON v. THE STATE.
(455 SE2d 304)

BLACKBURN, Judge.

The appellant, James W. Shelton, appeals from his convictions of speeding and driving under the influence of alcohol following a bench trial.

The evidence adduced at trial showed that at approximately 9:19 p.m. on May 9, 1990, Deputy Sheriff Barry Babb observed Shelton driving his vehicle in the opposite direction at an excessive rate of speed. The officer turned his vehicle around and pursued Shelton. The officer traveled at a minimum of 70 mph in pursuit of Shelton. During the chase, the deputy noticed that Shelton's vehicle crossed the centerline three separate times. Thereafter, the officer stopped Shelton's vehicle, and Shelton exited the vehicle as if he was unbalanced. Shelton's eyes were glassy and there was a strong odor of alcohol on his breath. Three field sobriety tests were conducted, following which the officer placed Shelton under arrest for driving under the influence. Shelton was advised of the State's Implied Consent Law and submitted to a blood-alcohol test. The test results showed that his blood-alcohol level was .17 grams. Shelton was issued separate uniform traffic citations for speeding and driving under the influence of alcohol in violation of OCGA §§ 40-6-181 and 40-6-391, respectively.

1. Initially, Shelton maintains that the trial court erred in failing to quash the DUI citation for vagueness, asserting that the citation does not sufficiently apprise him of the charges against him to allow him to adequately prepare for his defense. Specifically, Shelton asserts that the statute cited in the citation, OCGA § 40-6-391, provides for violation in a multitude of ways, and by the use of two different substances, drugs and alcohol, or by the combination of them both.

"The true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain or, for that matter, perfect. . . ." (Punctuation omitted.) *Manley v. State,* 187 Ga. App. 773, 775 (371 SE2d 438) (1988). "The legal sufficiency of the accusation or indictment depends upon the accusation as a whole. An indictment is sufficiently technical and correct if it states the offense in the terms and language of the statute or so plainly that the [trier of fact] may easily understand the nature of the offense charged. A defendant who was not at all misled to his prejudice by any imperfection in the [citation] cannot obtain reversal

of his conviction on this ground. The designation of the offense should be construed together with the descriptive averments contained in the accusation or [citation] to determine whether it adequately charges the offense." (Citations and punctuation omitted.) Id. at 775-776.

The citation as a whole informed Shelton that he was charged with violating OCGA § 40-6-391 by driving his vehicle under the influence of alcohol. The citation specifically provides that a DUI breath test was administered and the results showed an alcohol level of .17 grams. Hence, Shelton was informed of what he should have been prepared to meet at trial, and the judge, as trier of fact, should have understood the offense charged against Shelton. Id. Consequently, the citation should not have been quashed. Id.

2. Next, Shelton asserts that the trial court erred in denying his motion to suppress and motion in limine in reference to the results of the state's alcohol test. Specifically, he maintains that although the arresting officer testified that he read Shelton the contents of the implied consent card, the officer did not specify the exact language used in advising him of his rights, and it has not been shown that the language contained therein was adequate. Pretermitting the merits of this argument, the transcript before us does not reveal that Shelton objected to the introduction of the test results on this basis below, "and it is well established that grounds not raised by objection below may not be raised for the first time on appeal. [Cit.]" *Smith v. State*, 204 Ga. App. 576, 577 (420 SE2d 29) (1992).

3. Lastly, Shelton argues that the evidence produced at trial was insufficient to warrant his convictions. On the contrary, the evidence produced at trial shows that Shelton was observed by the officer traveling at a minimum of 70 mph. After he was stopped by the officer, the officer noticed that his eyes were glassy and his breath smelled of an alcoholic beverage. Shelton was subsequently administered a breath alcohol test which registered his blood-alcohol level at .17 grams. This evidence was sufficient to authorize a rational trier of fact to find Shelton guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Fouche v. State*, 211 Ga. App. 875 (2) (440 SE2d 758) (1994).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, the defendant maintains that he did not waive his challenge to the admissibility of his blood-alcohol content as determined by the Intoximeter 3000 test because he objected to the adequacy of such in a motion to suppress and motion in limine which specifically raised the arguments presented on appeal

and that this court overlooked this fact in its opinion. The defendant presented 13 objections to the admissibility of such evidence in his motion to suppress and motion in limine, and the trial court reserved ruling on such motions until the evidence was offered. Upon the State's attempt to offer the test results into evidence, the defendant objected and several grounds were presented and argued. Thereafter, the court inquired as to whether all of the defendant's objections had been dealt with. The defendant's counsel responded, "Right. That, and, all objections stated in my motion in limine and motion to suppress, and I think I've stated all of those here."

While defendant's counsel argued the additional ground herein asserted as to the inadmissibility of the test results in his written motion, he failed to bring same to the court's attention in response to the court's direct inquiry as to other objections and as a result no ruling was made by the trial court on same. Even though defendant listed the objection in his motion, he cannot rely thereon and avoid a ruling by the court in the face of the court's direct verbal inquiry. Therefore, defendant's argument is without merit.

*Motion for reconsideration denied.*

DECIDED FEBRUARY 15, 1995 —
RECONSIDERATION DENIED MARCH 14, 1995.

*Virgil L. Brown & Associates, Bentley C. Adams III,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Randall K. Coggin, James E. Sherrill, Assistant District Attorneys,* for appellee.