A98A1495. LEDBETTER v. THE STATE.
(506 SE2d 699)

Judge Harold R. Banke.

Reginald Ledbetter was convicted of armed robbery, aggravated assault, and possession of a knife having a blade of three inches or more during the commission of a crime. He enumerates two errors on appeal.

This case arose after Ledbetter entered a convenience store seeking change to make a phone call. After chatting with the clerk, Ledbetter took his change and left. Ledbetter came back two or three more times that day, ostensibly to check the Lotto drawings. Each time, he conversed with the clerk.

The last time Ledbetter came in, the clerk's wife and infant daughter were present. Ledbetter walked to the counter where the baby lay in its car seat, pulled a knife and stated, "Give me all the money, or I'll kill your baby." As he repeated this phrase he held the long, thin knife closer and closer to the baby. After receiving the money, Ledbetter threatened to kill the clerk and his wife if they moved. Ledbetter then walked to a nearby house and asked an acquaintance for a ride because the police were after him. The acquaintance declined, walked up to the convenience store, and informed the police.

Due to the number of charges, the trial court employed a verdict form and instructed the jury on its use. On the armed robbery count (Count 1), it charged the jury "if you find the defendant not guilty, in that event, the form of your verdict would be simply we, the jury, find the defendant not guilty. It would be dated and signed by one of you as the foreperson. On the other hand, if you find him guilty of armed robbery, then in that event, the form of the verdict would be we, the jury, find the defendant guilty of armed robbery. . . . If you do not find that he committed the offense of armed robbery beyond a reasonable doubt, you may then consider whether he committed the offense of robbery by intimidation. If you find him guilty of robbery, then in that event the form of your verdict would be we, the jury, find the defendant guilty of robbery." The trial court also instructed the jury on the unanimity requirement.

After the jury had finished deliberating, the court prepared to receive the verdict. Upon examining the verdict form, the court observed that it reflected guilty verdicts for both robbery and armed robbery. The trial court instructed the foreman "on count one, the form of your verdict would have to be one or the other, but can't be both, so I'll ask that you change it accordingly, please sir." The foreman then crossed out the verdict for robbery, and the court announced the verdict. *Held*:

1. Ledbetter seeks reversal because the foreman changed the verdict in open court. He argues that further deliberations were required to correct an ambiguous verdict. We need not address this contention because Ledbetter's failure to object or avail himself of the opportunity to poll the jury waived the issue. *Dansby v. State*, 165 Ga. App. 41, 42 (2) (b) (299 SE2d 579) (1983).

2. Ledbetter maintains his counsel's failure to object to the change in the verdict form constituted ineffective assistance. We disagree.

To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and but for the deficiency there was a reasonable probability the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Absent a showing of such prejudice, we need not inquire into counsel's alleged deficiency. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

Because our courts permit in-court reformation of a verdict in the jury's presence, Ledbetter failed to prove a deficiency. *Dansby*, 165 Ga. App. at 42. Further, nothing in the record demonstrates a reasonable probability that but for the reformation of the verdict, the result would have been different. Accordingly, the trial court's finding of effectiveness is not clearly erroneous. *Benefield v. State*, 231 Ga. App. 80 (497 SE2d 650) (1998).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 15, 1998.

*C. Victor Long*, for appellant.

*James R. Osborne, District Attorney, Donald N. Wilson, Assistant District Attorney*, for appellee.