## A02A2465. SLINKARD v. THE STATE.
### (577 SE2d 825)

ELDRIDGE, Judge.

A Douglas County jury found William Slinkard guilty of improper passing and driving under the influence of alcohol — less safe driver and per se excessive blood alcohol content ("BAC") which charges arose when, immediately after a red stoplight turned green at the corner of Fairburn and Mack Roads, Slinkard maneuvered his Harley-Davidson motorcycle between two adjacent northbound vehicles and passed them; one of the vehicles was a Douglas County Sheriff's patrol car. As Slinkard explained to the detaining deputy, "the light changed and I didn't want to stop." Upon review, we affirm his conviction.

1. Slinkard was tried on a uniform traffic citation ("UTC") which charged him with "DUI" and listed the DUI breath BAC test results as "0.082 gms." The UTC then further explained the DUI charge as "Alcohol in Violation of Code Section 40-6-391 (A1-5)." After issue had been joined and a jury impaneled and sworn, Slinkard made an oral motion to quash the UTC as a defective charging instrument, which motion was denied by the trial court. He now claims error in the trial court's ruling as follows:

(a) Slinkard contends that by referencing subsections (1)-(5) of OCGA § 40-6-391 (a), the UTC on its face alleged "more than one offense" when, as Slinkard argues by brief, this Court's decision in *State v. Rustin*[1] "indicates that alternative counts or methods of proving the offense of DUI must be separately and individually charged." We disagree.

(i) This challenge goes to the form of the UTC, not the substance of the charged offense affecting the real *merits* thereof so as to sustain a motion in arrest of judgment, which was not filed in this case.[2] Where a defendant desires to take exception to the form of a charging instrument, "it is essential that he should do so by a demurrer or motion to quash, made in writing and before entering a pleading to the merits."[3]

> If the indictment was void for any reason, the question should have been raised by demurrer before pleading to the merits, or by motion in arrest of judgment after conviction. No demurrers or motions in arrest of judgment were filed by [Slinkard]. . . . Under controlling Supreme Court author-

---

[1] 208 Ga. App. 431, 434 (430 SE2d 765) (1993).

[2] *McKay v. State*, 234 Ga. App. 556, 559 (507 SE2d 484) (1998).

[3] (Citations and punctuation omitted.) *Bentley v. State*, 210 Ga. App. 862 (1) (438 SE2d 110) (1993).

ity, [Slinkard's] motion for new trial cannot be considered to be a viable procedural substitute for a motion in arrest of judgment.[4]

Accordingly, this claim of error was not properly preserved and presents nothing for our review.

(ii) The complained-of UTC did not allege "more than one offense." A single statutory offense was charged on the face of the UTC, i.e., a violation of OCGA § 40-6-391 (a); the various subsections under OCGA § 40-6-391 (a) are not different "offenses" in and of themselves, but different methods of proving a violation of OCGA § 40-6-391 (a), which may be charged in one count.[5] Thus, the trial court did not err in denying Slinkard's oral motion to quash the UTC on the basis that it charged "more than one offense."[6]

(iii) This Court's decision in *State v. Rustin*, supra, dealing with amendment to an original UTC is inapplicable in this case. *Rustin* held that OCGA § 17-7-71 (f) authorizing amendment to an *accusation* does not authorize a subsequent amendment to a UTC in order to add a violation that was not stated in the original UTC. *Rustin* does not stand for — and had nothing to do with — the proposition put forth by Slinkard that a UTC which originally charges a violation of OCGA § 40-6-391 (a) (1)-(5) is defective so as to sustain demurrer if each subsection (1)-(5) is not charged on a separate UTC. In fact, "we have held that a single UTC may properly charge a defendant with alternative methods of violating OCGA § 40-6-391."[7] Thus, the trial court did not err in denying Slinkard's oral motion to quash based on the fact that each method of violating OCGA § 40-6-391 (a) was not charged on a separate UTC.

(b) Slinkard contends that a single UTC which charges different methods of committing a violation of OCGA § 40-6-391 (a) is analogous to the joining of separate and distinct crimes in a charging instrument and thus is subject to special demurrer as being "duplicitous."

(i) Slinkard waived any exception to the form of the indictment by failing to urge it in a timely written special demurrer.[8]

---

[4] (Citation, punctuation, footnote and emphasis omitted.) *Parks v. State*, 246 Ga. App. 888, 889 (1) (543 SE2d 39) (2000).

[5] *Kevinezz v. State*, 265 Ga. 78, 81 (2) (b) (454 SE2d 441) (1995); *Morgan v. State*, 212 Ga. App. 394 (1) (442 SE2d 257) (1994); *Hogan v. State*, 178 Ga. App. 534, 535 (343 SE2d 770) (1986); see also *Lumpkins v. State*, 264 Ga. 255 (443 SE2d 619) (1994).

[6] *Huntley v. State*, 271 Ga. 227, 229 (2) (518 SE2d 890) (1999).

[7] (Footnote omitted.) *Thompson v. State*, 243 Ga. App. 878, 879 (1) (534 SE2d 151) (2000).

[8] *England v. State*, 232 Ga. App. 842, 844 (502 SE2d 770) (1998).

(ii) This claim of error was not raised in Slinkard's oral motion to quash and thus no ruling by the trial court was secured, leaving nothing for review by this Court.

(iii) This issue has been decided adversely to Slinkard in previous appellate decisions. "A charging instrument is not subject to the. objection of duplicity or multifariousness where, as here, alternative methods of violating the one criminal statute at OCGA § 40-6-391 (a) are alleged in a single count. [Cits.] The trial court correctly denied [Slinkard's] motion to quash on this ground."[9]

(c) Slinkard contends the UTC was deficient because it did not contain the "essential elements" of the crime charged in that the UTC did not contain the specific language of the charged offenses.

(i) In the court below, either by way of a general demurrer or by a subsequent motion in arrest of judgment, Slinkard did not contend that the UTC failed to contain the essential elements of the crime charged. Accordingly, this claim is not preserved for appellate review.[10]

(ii) OCGA § 17-7-71 (c) provides that a UTC "which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct." In that regard, we have held that "reciting the proper statute is a sufficient, though not desirable, method of fulfilling the requirement . . . of OCGA § 17-7-71 (c)."[11] The UTC in this case charged Slinkard with driving under the influence — specifically of "Alcohol" — in violation of OCGA § 40-6-391 (a) (1)-(5). Thus, the UTC was "sufficiently technical and correct" as to the essential elements of the crime charged.

(d) Slinkard contends that because the UTC charged all the subsections of OCGA § 40-6-391 (a), including those related to drugs and other intoxicants, it failed to put him on notice of the offense against which he had to defend.

(i) As the subject of a special demurrer,[12] the instant claim of error should have been made in writing and before entering a pleading to the merits of the instant case.[13] Absent such, this claim is not preserved for our review.

(ii) The contents of the UTC put Slinkard on notice as to the specific method by which the State intended to prove that Slinkard violated OCGA § 40-6-391 (a). The UTC specifically charged Slinkard

---

[9] *Morgan v. State*, supra at 395.

[10] *Parks v. State*, supra at 889; see also *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977).

[11] *Broski v. State*, 196 Ga. App. 116, 117 (1) (395 SE2d 317) (1990).

[12] *D'Auria v. State*, 270 Ga. 499, 500 (512 SE2d 266) (1999).

[13] *Bentley v. State*, supra at 862.

with driving under the influence of "Alcohol" in violation of OCGA § 40-6-391 (a) (1)-(5). Reading the UTC together with the statute,[14] Slinkard was on notice to defend against a violation of OCGA § 40-6-391 (a) and those subsections (1)-(5) that relate specifically to driving under the influence of "Alcohol," i.e., subsections (1) and (5).[15]

Further, the UTC stated that Slinkard's blood alcohol content was "0.082 gms.," above the per se limit pursuant to OCGA § 40-6-391 (a) (5). Also, the UTC charged Slinkard with "DUI" — "Alcohol," and "the phrase 'driving under the influence of alcohol' has a universally recognized and understood meaning so that reasonable persons could not differ as to its interpretation. That meaning is that a person is under the influence of alcohol when it appears that it is less safe for such person to operate a motor vehicle" pursuant to OCGA § 40-6-391 (a) (1).[16] Accordingly, violations of OCGA § 40-6-391 (a) (1) and (5) were established on the face of the UTC.

(iii) This Court on appeal must apply a "harmless error test" in order to determine if any error in the charging instrument has prejudiced defendant's ability to mount a defense and thus requires reversal of his conviction.

> When trial has been had before the appellate court reviews the merits of the special demurrer, where no prejudice to defendant has occurred though the indictment or accusation or citation is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. Upon a proceeding after verdict, no prejudice being shown, it is enough that necessary facts appear *in any form, or by fair construction can be found within the terms of the indictment or accusation or citation.* Thus, a defendant who was not misled to his prejudice by any imperfection in the indictment or accusation or citation cannot obtain reversal of his conviction on that ground.[17]

Here, it is undisputed that drugs or other intoxicants were not at issue in the instant case so as to impact on those subsections of

---

[14] See *D'Auria v. State*, supra at 500 (reading the accusation together with the statute, a defendant must be able to determine which of his acts are alleged to be criminal in nature).

[15] *Kevinezz v. State*, supra at 81-82 (2) (b) (instrument charging DUI – alcohol, along with specific cite in instrument to subsections (1)-(5) of OCGA § 40-6-391 (a), puts defendant on notice as to those cited subsections that involve alcohol).

[16] (Citations and punctuation omitted.) Id. at 81.

[17] (Citation and punctuation omitted; emphasis in original.) *Broski v. State*, supra at 118.

OCGA § 40-6-391 (a) (1)-(5) relating to intoxicants other than alcohol. The UTC clearly stated that the violation of OCGA § 40-6-391 (a) related to those subsections involving "Alcohol," alone.

Moreover, Slinkard did not contend in the trial court, nor does he contend before this Court, that he was in fact confused by or unaware of the charges of DUI less safe driver and per se excessive BAC against him. The detaining deputy asked Slinkard if he had been drinking; Slinkard admitted to the officer that he had "a few"; he took field sobriety tests as a result of his admission; he was informed pursuant to implied consent of the consequences of a BAC test that shows an alcohol concentration of 0.08 grams or more; he was given a breathalyzer test, which measures only blood alcohol content, not drugs or other intoxicants; he was arrested for DUI — alcohol; and in fact, Slinkard called two defense witnesses to testify as to impairment by alcohol under both per se excessive BAC and a less safe driver standard. Here, Slinkard alleges no prejudice to his defense and we can discern none. In such instance, "[a]ny error in failing to try him upon a 'perfect' uniform traffic citation was, thus, manifestly harmless."[18]

(e) Slinkard claims that the UTC is defective because it failed to follow the "mandatory" accusation form outlined in OCGA § 17-7-71 (e). This contention is meritless because this case did not involve an accusation; this case did not involve "additional counts" as addressed by subsection (e); and OCGA § 17-7-71 (e) is not mandatory as to form.[19]

For all of the above reasons, we conclude that Slinkard's enumerated claims regarding the UTC as a defective charging instrument are without merit.

2. Slinkard contends that, because the UTC charged subsections (1) through (5) of OCGA § 40-6-391 (a) in the "conjunctive," the State was required to prove that he violated all five subsections. We disagree.

> When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. It is sufficient for the State to show that a crime was committed in any one of the separate ways listed in the

---

[18] (Citations and punctuation omitted.) *Brooks v. State*, 207 Ga. App. 477, 479 (428 SE2d 357) (1993).

[19] See OCGA § 17-7-71 (c).

indictment, even if the indictment uses the conjunctive rather than disjunctive form.[20]

3. Next Slinkard challenges the trial court's charge to the jury. However, when the trial court asked for exceptions to the charge, Slinkard neither objected nor reserved objection to the court's charge; he reiterated only his objection and motion with regard to the form of the UTC as defective. Accordingly, Slinkard's right to urge error in the trial court's charge is waived.[21]

We reject Slinkard's attempt to avoid this result by asserting a prejudicial nexus between the court's charge and the allegedly defective UTC. The prejudice at issue with regard to the defects Slinkard contends exist in the form of the UTC relates to notice and the ability to mount a defense, which issues have been resolved against Slinkard in Division 1 (d) (iii).

We further reject Slinkard's contention that the trial court's charge misled the jury because the court charged the entirety of OCGA § 40-6-391 (a), including the subsections that did not relate to alcohol. The trial court clearly instructed the jury that Slinkard was charged with driving under the influence of alcohol. The court thoroughly charged the jury with the law regarding driving under the influence of alcohol — less safe driver and driving under the influence of alcohol — per se excessive BAC. With regard to the form of the verdict, the trial court specifically instructed the jury that they must find Slinkard guilty of driving under the influence of alcohol, and the verdict form used by the jury identified Count 1 as "Driving Under the Influence of Alcohol." Further, it is undisputed that there was no evidence of drugs or intoxicants other than alcohol in this case, so as to implicate a jury verdict for an offense other than DUI — alcohol, as charged in the UTC. "In general, it is not cause for a new trial when an entire Code section is given even though a portion of the charge may not be applicable under the evidence."[22]

4. Slinkard also claims reversible error in the fact that the general verdict of guilty returned on the verdict form failed to identify which form of DUI he was convicted of. However, Slinkard failed to object to the form of the verdict after being given an opportunity to do so and while the jury was still in the box to clarify the verdict; thus, this issue is waived.[23]

---

[20] (Citations and punctuation omitted.) *Cronan v. State*, 236 Ga. App. 374, 377-378 (3) (511 SE2d 899) (1999); see *Lumpkins v. State*, supra.

[21] *Bryant v. State*, 268 Ga. 33, 34 (1) (485 SE2d 763) (1997).

[22] (Citation omitted.) *Smith v. State*, 267 Ga. 372, 375 (4) (477 SE2d 827) (1996); accord *Buckalew v. State*, 249 Ga. App. 134, 138 (4) (547 SE2d 355) (2001).

[23] *Ledbetter v. State*, 234 Ga. App. 380, 381 (1) (506 SE2d 699) (1998); *Mayorga v. State*, 225 Ga. App. 496, 497 (484 SE2d 292) (1997); see also *Trust Assoc. v. Snead*, 253 Ga. App.

5. Finally, Slinkard challenges the sufficiency of the evidence introduced against him. He claims that the UTC asserted that he committed DUI in five different ways, including under OCGA § 40-6-391 (a) subsections (2)-(4) relating to drugs and intoxicants other than alcohol, and that, consequently, the State was required to prove his guilt as to those offenses, which it did not. This claim of error has been resolved adversely to Slinkard in Division 2, supra. The State offered evidence that Slinkard was driving under the influence of alcohol with a per se excessive BAC, as well as evidence that he was driving under the influence of alcohol so as to render him a less safe driver. Accordingly, the evidence was sufficient for a reasonable jury to have found Slinkard guilty of such offenses beyond a reasonable doubt.[24]

*Judgment affirmed. Smith, C. J., and Ellington, J., concur.*

DECIDED FEBRUARY 3, 2003 —
RECONSIDERATION DENIED FEBRUARY 19, 2003 — ▮▮▮▮▮

*Monte K. Davis, George A. Stein*, for appellant.
*Gregory R. Barton, Solicitor-General, Melisa A. Mason, Assistant Solicitor-General*, for appellee.

---

475, 478 (2) (b) (559 SE2d 502) (2002) ("the failure to have the trial court inquire of the jury while still in the box and to object to the form of the verdict, while the jury could still again reform the verdict, constituted a waiver of any defect").

[24] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).