## A03A2168. TAYLOR v. THE STATE.
(595 SE2d 344)

ADAMS, Judge.

Fred Gilbert Taylor, Jr. was tried by jury and convicted of driving under the influence of alcohol, having an open container, and driving on a suspended license. He appeals only the conviction of driving under the influence.

The evidence shows that after midnight on May 12, 2002, Officer Thigpen of the Sardis Police Department received a call that an accident had occurred. At the scene, Thigpen saw a white car in a ditch with the front end in the air. Taylor was sitting in the back seat among several opened and unopened cans of beer. The hood of the car was still warm, the keys were in the ignition, and the radio was on. Taylor said that he had not been driving; rather someone named "Danny" had been driving but had fled. Yet there were no tracks in the eight- to twelve-inch-high grass in the direction that Taylor indicated the driver had gone. And the officer saw a wet spot on Taylor's jeans that was consistent with the location of a wet spot on the front seat. Taylor's breath smelled of alcohol and he had difficulty standing up straight. His blood alcohol level after the accident was 0.223 grams. The State also introduced evidence of a similar transaction in which Taylor was earlier convicted of driving under the influence in North Carolina. The State did not introduce any evidence that Taylor was under the influence of drugs or toxic vapors.

With regard to driving under the influence, the court charged that Taylor could be convicted under any of four scenarios: driving under the influence of alcohol — less safe; driving under the influence of drugs — less safe; driving under the influence of any two or more of either drugs, alcohol, and toxic vapors — less safe; and having a blood alcohol level of 0.08 or more within three hours of driving. The jury returned a verdict finding Taylor guilty of "driving under the influence."

1. Taylor contends that the trial court erred by failing to grant his motion to dismiss the DUI charge for failure of the uniform traffic citation to place him on notice of the charge. He contends that the uniform traffic citation only indicated that he was charged with OCGA § 40-6-391 (a) (4), which prohibits driving under the *combined* influence of any two or more of drugs, alcohol, or toxic vapors to the extent that it is less safe to drive.[1] He asserts that he was not on proper notice that he was going to be tried under either subsection (a) (1) (DUI, alcohol, less safe) or subsection (a) (5) (DUI — alcohol concentration of 0.08 and above).

The uniform traffic citation is separated into five sections: Violator, Violation, Location, Summons, and Officer Certification. In the violation section, there are three boxes. The first is obviously for speeding. The second is marked "DUI," and it indicates what type of test has been administered, the result of the test, and who administered the test. The third box is entitled "Offense (Other than above)." In this section, the officer can enter the name of an offense, indicate a Code section, and write in other remarks. By their location and appearance, and based on the title of the third box, we conclude that each box is used to indicate violations against the defendant. A fair construction of the second box shows that it indicates a violation of OCGA § 40-6-391 (a) (5) (unlawful alcohol concentration). See *Clarington v. State*, 178 Ga. App. 663, 667 (6) (344 SE2d 485) (1986) (" 'After conviction, an indictment will be construed most strongly in favor of the State.' ").

On Taylor's uniform traffic citation, the second box shows that Taylor had his breath tested and that the test results were ".223." Therefore, Taylor was on notice of a charge of unlawful alcohol concentration under OCGA § 40-6-391 (a) (5). Compare *Shelton v. State*, 216 Ga. App. 634 (1) (455 SE2d 304) (1995) (where uniform traffic citation charged defendant with a violation of OCGA § 40-6-391 as a whole and indicated his blood alcohol level, defendant was on notice of the charges against him).

In the third section, Taylor was charged with "DUI," and the officer indicated that the offense was "in Violation of Code Section 40-6-391 A-4." Under Georgia law, "the description of the offense charged prevails over any Code section cited." (Punctuation omitted.) *In the Interest of B. C. G.*, 235 Ga. App. 1, 3 (1) (508 SE2d 239) (1998). Here, the description of the offense was "DUI" or driving under the influence. The Supreme Court has held that the phrase "driving under the influence" describes those subsections of OCGA § 40-6-391

---

[1] Prior to July 1, 1996, subsection (a) (4) pertained to driving with an unlawful blood alcohol concentration. See Ga. L. 1994, p. 1600, § 8; compare Ga. L. 1996, p. 1413, § 1.

(a) that prohibit a person from driving when they are under the influence of alcohol, drugs, or toxic vapors to the extent that it is less safe for the person to drive. *Kevinezz v. State*, 265 Ga. 78, 81 (2) (b) (454 SE2d 441) (1995). See OCGA § 40-6-391 (a) (1)-(4). Accordingly, Taylor was also on notice that he was charged with subsections (a) (1) through (4), which include driving under the influence of alcohol to the extent that it is less safe to drive. See OCGA § 40-6-391 (a) (1).

We conclude that Taylor was on notice of a charge of violating subsections (a) (1) through (5) of OCGA § 40-6-391.

2. Taylor contends that the evidence was insufficient to convict. But, there was evidence from which a jury could conclude that Taylor was guilty of driving under the influence of alcohol in a less safe manner and guilty of having a blood alcohol level of 0.08 or more within three hours of driving. OCGA § 40-6-391 (a) (1), (5).

3. Taylor contends that the trial court improperly charged the jury on subsections (a) (1) and (a) (5). But, our holding in Division 1 resolves this issue against Taylor.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 17, 2004.

*John J. Pilcher II*, for appellant.
*Jackson E. Cox II, Solicitor-General*, for appellee.