## A04A2026. RIGDON v. THE STATE.
(605 SE2d 903)

ELLINGTON, Judge.

The Superior Court of Marion County affirmed the order of the probate court convicting Sam Rigdon of driving under the influence of alcohol to the extent that it was less safe to drive, OCGA § 40-6-391 (a) (1).[1] Rigdon appeals, contending that the probate court violated his due process rights by convicting him under the less safe provisions of the statute after limiting the State's proof at trial to a so-called per se violation, OCGA § 40-6-391 (a) (5), and that the superior court erred in finding that any errors committed by the probate court were harmless. Rigdon also challenges the sufficiency of the evidence. For the reasons which follow, we reverse.

1. In related enumerations, Rigdon contends that the probate court violated his due process rights by convicting him under OCGA § 40-6-391 (a) (1) ("less safe DUI") after limiting the State's proof at trial to an alternative method of proving DUI, OCGA § 40-6-391 (a) (5) ("per se DUI"). "Because the evidence is uncontroverted and there is no question concerning the credibility of witnesses, we conduct a de novo review of the trial court's application of the law to the undisputed facts." (Citation and punctuation omitted.) *Lockett v. State*, 257 Ga. App. 412, 413 (1) (571 SE2d 192) (2002). In pertinent part, OCGA § 40-6-391 (a) provides:

> A person shall not drive or be in actual physical control of any moving vehicle while:
>
> (1) Under the influence of alcohol to the extent that it is less safe for the person to drive; . . . [or]
>
> (5) The person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended.

Thus, under the less safe DUI subsection, the State must prove impaired driving ability as an element of the crime. *Kevinezz v. State*, 265 Ga. 78, 79 (2) (454 SE2d 441) (1995). Under the per se DUI subsection, on the other hand, the State need not prove impaired driving; rather, the illegal act is driving with an illegal blood alcohol concentration. *Bohannon v. State*, 269 Ga. 130, 131 (1) (497 SE2d 552) (1998); *Kevinezz v. State*, 265 Ga. at 79 (2).

---

[1] See OCGA § 40-13-21 (a) (authorizing probate courts to try misdemeanor offenses); OCGA § 40-13-28 (appeals to superior court).

The record shows the following undisputed facts. On August 8, 2002, state patrol officers stopped Rigdon at a roadblock to check his license and insurance. An officer smelled an alcoholic beverage on Rigdon and had Rigdon perform field sobriety tests. The officer arrested Rigdon for DUI and, while transporting him to the jail, became concerned about his health and called for an ambulance. At the officer's request, a paramedic drew a blood sample for chemical analysis. The arresting officer issued Rigdon a uniform traffic citation ("UTC"), checking the boxes for "DUI" and "Test Administered: Blood." In the blank following "Test Results," the officer inserted "Pending." In the offense section of the UTC, the officer wrote "40-6-391."

Just before trial, Rigdon moved to quash the charging document on the basis the citation did not indicate how he violated OCGA § 40-6-391, that is, whether he was charged with a "less safe" violation under subsection (a) (1) or a "per se" violation under subsection (a) (5). The trial court denied the motion to quash and then commenced the trial. Over Rigdon's objection, the probate court admitted the blood test results. Before eliciting testimony about the results, the prosecutor said, "let me get in this line of questioning," and began asking the arresting officer about whether Rigdon appeared intoxicated. Rigdon objected to the State switching from proving a per se violation to proving a less safe violation, arguing that the charging instrument only provided notice of a per se charge. The trial court "accept[ed] the argument" and instructed the State to "stick to" per se DUI. After the State elicited testimony about the test results, defense counsel cross-examined the officer about certain aspects of the field sobriety tests he administered.

At the conclusion of the trial, the probate court found Rigdon "guilty of DUI" without further specification. Rigdon appealed to the superior court. The superior court remanded to the probate court "for clarification as to the particular code section the defendant was found guilty of violating." The probate court found "that the charging instrument limited proof to a violation of OCGA § 40-6-391 (a) (1) [less safe DUI] . . . [and that] the evidence reflect[ed] that [Rigdon] is guilty beyond a reasonable doubt" of violating that Code section. Rigdon again appealed to the superior court; the superior court affirmed, finding any error to be harmless "under the evidence in this case."

(a) We consider first whether the UTC as issued put Rigdon on notice that he could be prosecuted for violating OCGA § 40-6-391 (a) (1), (a) (5), or both. We have held that "the various subsections under OCGA § 40-6-391 (a) are not different offenses in and of themselves, but different methods of proving a violation of OCGA § 40-6-391 (a), which may be charged in one count." (Punctuation and footnote

omitted.) *Slinkard v. State*, 259 Ga. App. 755, 756 (1) (a) (ii) (577 SE2d 825) (2003). Thus, a single UTC may properly charge a defendant with alternative methods of violating OCGA § 40-6-391. *Thompson v. State*, 243 Ga. App. 878, 879 (1) (534 SE2d 151) (2000). It follows from this that the probate court was not required to grant Rigdon's motion to quash just because the UTC did not identify only one manner in which Rigdon was accused of violating OCGA § 40-6-391 (a). *Slinkard v. State*, 259 Ga. App. at 756 (1) (a) (ii), (iii).

With regard to less safe DUI, Georgia law is clear that, because the UTC used the term "DUI" and indicated a violation of "Code Section 40-6-391," the charging instrument put Rigdon on notice that the State could try to prove any of the "less safe" subsections, i.e., OCGA § 40-6-391 (a) (1)-(4). *Kevinezz v. State*, 265 Ga. at 81-82 (2) (b); *Taylor v. State*, 265 Ga. App. 637, 638-639 (1) (595 SE2d 344) (2004). Furthermore, as noted above, Rigdon conceded at trial that the citation gave him notice of a per se DUI charge.[2] Accordingly, contrary to the probate court's finding, the UTC issued in this case put Rigdon on notice that he could be prosecuted for less safe DUI, per se DUI, or both.

(b) Next, we consider whether the probate court's rulings at trial foreclosed the option of convicting Rigdon of less safe DUI. Rigdon avers that after the probate court instructed the State to "stick to" evidence of per se DUI he tailored his trial strategy accordingly and presented no defense to less safe DUI. The transcript shows that Rigdon's counsel argued a motion for directed verdict solely in terms of the per se violation and, without calling Rigdon to testify, rested "based upon the court's previous rulings . . . subject to all the arguments that [they] had previously made."

We find that when the trial court mistakenly "accept[ed] the argument" that the citation would not allow the State to proceed on both the less safe and the per se lines of proof and limited the State to proving per se DUI, the trial court effectively issued a ruling prospectively excluding evidence that Rigdon had been driving while it was less safe for him to do so. Even though the ruling was not required by law, see Division 1 (a), supra, it indicated to Rigdon that he did not need to defend against less safe DUI. As a matter of due process, the probate court erred in convicting him of a less safe

---

[2] We discovered no reported decisions in which we considered whether a UTC marked "DUI," "Test Administered: Blood," and "DUI Test Results: Pending" would put an arrestee on notice that the State could try to prove one of the "per se" subsections, i.e., OCGA § 40-6-391 (a) (5)-(6). But see *Fluellen v. State*, 264 Ga. App. 19, 20-21 (1) (589 SE2d 847) (2003) (where uniform traffic citation charged defendant with a violation of OCGA § 40-6-391 as a whole and indicated his blood alcohol level, defendant was on notice of the charges of less safe DUI and per se DUI); *Shelton v. State*, 216 Ga. App. 634, 634-635 (1) (455 SE2d 304) (1995) (accord).

violation after instructing him that he did not need to present evidence and legal arguments in defense against that charge. See *Crane v. Kentucky*, 476 U. S. 683, 690 (II) (106 SC 2142, 90 LE2d 636) (1986) (due process requires that a criminal defendant be given a meaningful opportunity to present a complete defense to the charged offense); *In re Oliver*, 333 U. S. 257, 273 (68 SC 499, 92 LE 682) (1948) (due process guarantees a criminal defendant an opportunity to present a defense, including the assistance of counsel, reasonable notice of the charges against him, and an opportunity to examine the witnesses against him and to offer testimony).

(c) Having found error, we must now consider whether the probate court's error was harmless such that its judgment should nonetheless be affirmed, as the superior court found. We note initially that even claims of error based on the due process clause of the Fourteenth Amendment are subject to harmless error analysis. *Hill v. State*, 232 Ga. App. 561, 563 (502 SE2d 505) (1998); *Ross v. State*, 195 Ga. App. 624, 627 (4) (394 SE2d 418) (1990). "Whether a constitutional violation constitutes harmless error depends on whether the State can prove beyond a reasonable doubt that the error did not contribute to the verdict." (Citation and punctuation omitted.) *Brawner v. State*, 278 Ga. 316, 319 (2) (602 SE2d 612) (2004). "The burden rests with the prosecution in making this showing." (Citations omitted.) *Mangum v. State*, 274 Ga. 573, 577 (2) (555 SE2d 451) (2001). We have reviewed the record in this case and find that the State has not carried its burden of showing beyond a reasonable doubt that the probate court's due process violation was harmless. The State offered no evidence at all that Rigdon drove in an unsafe manner, and the State has not shown that Rigdon could not have successfully impeached the State's circumstantial evidence of impairment. Because the probate court's error was not harmless beyond a reasonable doubt, Rigdon's conviction must be reversed. *Brawner v. State*, 278 Ga. at 319-320 (2).

2. Because the probate court prevented the presentation of evidence for and against a less safe DUI charge, we find the issue of whether the evidence was sufficient to find Rigdon guilty beyond a reasonable doubt of violating OCGA § 40-6-391 (a) (1) is not yet ripe for our review.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 28, 2004.

*Virgil L. Brown & Associates, Ronald J. Ellington,* for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Ryan R. Leonard, Assistant District Attorneys,* for appellee.