## A06A2412. THE STATE v. RIGDON.
(645 SE2d 17)

BERNES, Judge.

The Superior Court of Marion County reversed the order of the probate court convicting Sam Rigdon of driving under the influence of alcohol to the extent that he was less safe to drive.[1] In the underlying probate action, Rigdon orally objected to the admission of certain evidence obtained from the roadblock where he was arrested on the grounds that the roadblock was unconstitutional and that the state had failed to lay a proper foundation for the evidence. The superior court ruled that the probate court should have granted Rigdon's oral motion and that, as a result, the evidence was insufficient to sustain Rigdon's conviction. For the reasons set forth below, we reverse.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Citations and punctuation omitted.) *Tanner v. State*, 225 Ga. App. 702, 703 (484 SE2d 766) (1997). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on August 8, 2002, at approximately 8:20 p.m., a state patrol officer stopped Rigdon's vehicle at a roadblock to check his license and insurance. Rigdon admitted to

---

[1] OCGA § 40-13-21 (a) authorizes probate courts to conduct trials of misdemeanor traffic offenses. Upon conviction, the defendant has the right to appeal to the superior court under OCGA § 40-13-28. This is the second appeal of this case before this Court. In the first appeal, *Rigdon v. State*, 270 Ga. App. 217, 217-220 (1) (a)-(c) (605 SE2d 903) (2004), we reversed Rigdon's conviction based upon the probate court's error in limiting the evidence to per se DUI under OCGA § 40-6-391 (a) (5), but then convicting Rigdon of less safe DUI under OCGA § 40-6-391 (a) (1). Upon retrial, the probate court again convicted Rigdon of less safe DUI, and Rigdon obtained reversal of the subsequent conviction in his second appeal to the superior court. The state now appeals from the superior court's decision.

the officer that he had been drinking earlier that evening. As a result of his failure of the field sobriety evaluations conducted by the officer, Rigdon was arrested for DUI. A blood sample later drawn from Rigdon reflected that he had a blood-alcohol level of 0.172 grams. The roadblock encounter, including Rigdon's failed performance of the field sobriety evaluations, was recorded by videotape from the officer's patrol car.

When the officer attempted to testify about the roadblock at trial, Rigdon orally moved to exclude "anything discovered as a result of that roadblock" due to the state's alleged failure to establish the constitutionality of the roadblock or to lay a proper foundation for the evidence. But, when the state pointed out that Rigdon had failed to file a pretrial motion to suppress asserting that the roadblock was unconstitutional, Rigdon clarified that he was not arguing a motion to suppress seeking to exclude tangible evidence, but rather a motion in limine to exclude the officer's testimony regarding anything he observed or discovered during the roadblock. The probate court denied the motion.

Later, when the state introduced the videotape of the roadblock encounter, Rigdon's counsel stated: "I don't object to the state introducing the tape and playing it for the Court. That's one thing I'm not going to object to, Your Honor." When the state introduced the state-administered blood test results, Rigdon's counsel did not object on the ground that it was fruit of the alleged unconstitutional roadblock.

The probate court subsequently convicted Rigdon of driving under the influence of alcohol to the extent that he was less safe to drive, OCGA § 40-6-391 (a) (1). On appeal to the superior court, however, that court found that the state had failed to establish the constitutionality of the roadblock and thus that the probate court should have granted Rigdon's oral motion in limine. The superior court further held that in light of the evidence that should have been excluded, there was insufficient evidence to convict Rigdon of the charged offense.

We agree with the state that the superior court erred in reversing Rigdon's conviction in the probate court. Even assuming the probate court erroneously failed to grant Rigdon's oral motion in limine concerning the constitutionality of the roadblock, "a conviction will be affirmed despite error if the error is harmless beyond a reasonable doubt." (Citation and punctuation omitted.) *Dukes v. State*, 224 Ga. App. 305, 308 (2) (480 SE2d 340) (1997). Although Rigdon's counsel objected to the introduction of the officer's testimony about the roadblock, counsel later explicitly stated that he was not objecting to the introduction of the videotape that depicted the roadblock encounter, and which was admitted into evidence and considered by the

probate court. "Where certain evidence is admitted over objection, but similar evidence to the same effect is admitted without objection, the admission of the evidence objected to will not constitute reversible error, even if the admission of the evidence was erroneous." (Citation and punctuation omitted.) *Taylor v. State*, 233 Ga. App. 221, 223 (2) (504 SE2d 57) (1998). See also *London v. State*, 235 Ga. App. 30, 34 (5) (508 SE2d 247) (1998) (holding that any error in admitting evidence "would have been harmless as it was substantially similar to other facts already admitted, without objection"). As such, the introduction of the videotape without objection — combined with the fact that the blood test results were introduced into evidence without any objection that they constituted fruit of the allegedly unconstitutional roadblock — rendered harmless beyond a reasonable doubt any error by the probate court in failing to exclude the officer's testimony about the roadblock. We therefore reverse the superior court's ruling overturning Rigdon's conviction.

*Judgment reversed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 19, 2007 —
RECONSIDERATION DENIED APRIL 5, 2007 — ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellant.
*Virgil L. Brown & Associates, Ronald J. Ellington*, for appellee.