## A09A1076. BRISSEY v. THE STATE.
### (683 SE2d 349)

MIKELL, Judge.

Pro se appellant Thomas E. Brissey was found guilty by the State Court of Glynn County of driving while unlicensed and operating an unregistered vehicle. We address Brissey's enumerations of error to the extent we are able to decipher them and affirm the judgment of conviction for the reasons set forth below.

1. Brissey complains on appeal, as he did in the trial court, that he was denied due process because his case was tried before the Department of Driver Services ("DDS") held an administrative hearing to resolve the issues.[1] In a related enumeration of error, Brissey contends that the trial court lacked subject matter jurisdiction to try his case until such time as an administrative hearing had been held. These contentions lack merit.

The Georgia Code designates the offenses of driving without a license[2] and operating an unregistered vehicle[3] as misdemeanors. The state courts have jurisdiction to try these offenses.[4] Moreover, OCGA § 40-5-20 (a), which prohibits driving without a license, does not contemplate a prior administrative hearing. Indeed, it requires that after a person is convicted of violating that Code section, the court "shall report to the [DDS] the name and other identifying information" of the person convicted.[5] Nor has Brissey shown that he was entitled to an administrative hearing prior to trial on the offense of operating an unregistered vehicle.[6] It follows that Brissey was not denied due process for the reason asserted herein.

---

[1] We note that Brissey addressed his request for a hearing to the Department of Public Safety, not the DDS. The DDS regulates drivers' licenses and was created in 2005 to replace the Department of Motor Vehicle Safety ("DMVS"). See OCGA § 40-16-2 (a) (1). The DMVS was formerly a part of the Department of Public Safety. See Ga. L. 2000, p. 951.

[2] OCGA § 40-5-20 (a) provides, in pertinent part: "No person . . . shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license. . . . Any violation of this subsection shall be punished as provided in Code Section 40-5-121." OCGA § 40-5-121 (a) provides that a person convicted of violating OCGA § 40-5-20 (a) "shall be guilty of a misdemeanor for a first conviction thereof."

[3] OCGA § 40-2-8 (a).

[4] OCGA § 15-7-4 (a) (1). See *Harbuck v. State*, 280 Ga. 775, 779 (5) (631 SE2d 351) (2006).

[5] OCGA §§ 40-5-20 (a); 40-5-1 (7).

[6] OCGA § 40-2-8 (a).

2. Brissey next contends that he was denied due process because he was not informed of the charges against him. Specifically, he complains that the state did not respond to his "Demand for information in the nature of a Bill of Particulars" and "Notice of Tacit Admissions and Motion to Dismiss." But the Uniform Traffic Citations issued to Brissey informed him of the nature of the charges against him — "driving while unlicensed" and "operation of unregistered vehicle" — and cited the appropriate Code sections.[7] Brissey has not shown that he required any additional information to assist in his defense. Further, to the extent that the trial court's denial of Brissey's pretrial motions can be viewed as a refusal to grant a continuance, that decision was within the trial court's discretion.[8] Accordingly, this enumeration of error is meritless as well.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 15, 2009 —
RECONSIDERATION DENIED AUGUST 18, 2009.

Thomas E. Brissey, *pro se.*
Maria S. Lugue II, *Solicitor-General*, for appellee.

---

[7] See generally *Taylor v. State*, 265 Ga. App. 637, 638-639 (1) (595 SE2d 344) (2004).
[8] See, e.g., *Everman v. State*, 203 Ga. App. 350, 352 (2) (416 SE2d 861) (1992).