## A91A2252. ALLAIN v. THE STATE.
(415 SE2d 315)

BIRDSONG, Presiding Judge.

Dennis Allain appeals his convictions of operating a motor vehicle after being declared a habitual violator and driving under the influence of alcohol. He contends the verdict is contrary to law, contrary to the evidence, and strongly against the weight of the evidence, and he contends the trial court erred by denying his motion for a new trial because of newly discovered evidence (enumeration of error 1). He further contends there was insufficient evidence to convict of the habitual violator offense (enumeration of error 2), and he contends the trial court erroneously denied a motion to reopen the case after the evidence closed (enumeration of error 3). *Held*:

1. As Allain's first enumeration of error contains unrelated contentions, it violates OCGA § 5-6-40. *Hoffer v. State*, 192 Ga. App. 378, 382 (384 SE2d 902). Further, except for the allegation concerning

newly discovered evidence, the argument on the general grounds merely repeats the enumeration of error. Allain presents no specific argument, cites no authority, and makes no reference to the transcript or record to support these portions of the enumeration. Therefore, those issues are deemed abandoned. Court of Appeals Rule 15; *Camp v. State*, 166 Ga. App. 208, 211 (303 SE2d 540).

In any event, the transcript reveals ample evidence, including his .3 blood alcohol level and the evidence discussed in Division 2, from which any rational trier of fact could find beyond a reasonable doubt that Allain was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

The remainder of the enumeration contends the trial court erred by denying Allain's motion for a new trial because of newly discovered evidence. This argument also fails to refer to any portion of the record or transcript and cites no authority supporting the argument. See Court of Appeals Rule 15 (c) (1) and (3).

Allain's motion merely contended a newly discovered witness would testify he had not helped the police push Allain's car off the sidewalk on the night in question. This testimony would be contrary to testimony by a prosecution rebuttal witness, but would not be relevant to any issue in the case. Allain argues that this testimony would have produced a different result at trial because two jurors said that the testimony would have caused a different result. Jurors, however, cannot impeach their verdict. OCGA § 9-10-9; *Bissell v. State*, 153 Ga. App. 564, 567 (266 SE2d 238). More significantly, however, we agree with the trial judge that the testimony from this witness was relevant only to contradict the police officer's testimony. In that event, the testimony was only impeaching and did not constitute newly discovered evidence. Thus, Allain failed to meet his burden of satisfying all of the criteria of OCGA § 5-5-23. See *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792); *Westbrook v. State*, 186 Ga. App. 493, 497 (368 SE2d 131). This portion of the enumeration of error is without merit.

2. Allain's second enumeration of error contends the evidence was insufficient to convict him of the habitual violator offense because the police could not start the car in which Allain was sitting. Although it is true a police officer testified he could not start the car after Allain's arrest, it is also true another officer testified that after he heard a car's motor running at high speed, he approached the car, found the transmission in drive, saw Allain slumped over behind the steering wheel with one foot on the accelerator and the other foot on the brake pedal; the officer put the car in park, and turned off the car's motor. With this testimony, the fact that the car would not start at some later time is non-persuasive at the appellate level where the issue is evidence sufficiency rather than weight. Accordingly, this and evi-

dence showing a habitual violator notice revoking Allain's driver's license was sent by registered mail to the address Allain provided and was signed for in his name at that address, and Allain's admission he surrendered his driver's license, and admitted he knew he was not supposed to be driving was sufficient to support the conviction. OCGA § 40-5-58; *Johnson v. State*, 194 Ga. App. 501, 502 (391 SE2d 132).

3. The final enumeration of error alleges the trial court erred by denying Allain's motion to reopen the evidence. The transcript shows after the jury had begun deliberations Allain sought to reopen the evidence to present evidence that, in court, the prosecutor served him with a habitual violator notice and to call the witness to impeach the police officer's testimony.

The trial court has very broad discretion when deciding whether to reopen and allow additional evidence at any stage of trial, including after the jury has begun deliberations, and that discretion will not be controlled except where there appears to have been an abuse of discretion. *Chancellor v. State*, 165 Ga. App. 365, 373 (301 SE2d 294). Considering the evidence presented in this case and the evidence which Allain sought to introduce, we cannot say the trial court abused its discretion. Therefore, this enumeration of error is also without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 5, 1992.

*Jason R. Hasty*, for appellant.
*Garry T. Moss, District Attorney, Cecelia V. Moutoux, Assistant District Attorney*, for appellee.