A99A0614. COALSON v. THE STATE.
(515 SE2d 882)

BLACKBURN, Presiding Judge.

Defendant Edward Lee Coalson appeals his convictions, following a jury trial, of three counts of aggravated child molestation and three counts of child molestation. Coalson contends that the trial court erred in denying his motion for directed verdict with regard to the two counts of child molestation. We affirm.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. *Cantrell v. State*, 230 Ga. App. 693, 694-695 (498 SE2d 90) (1998). "A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. Moreover, on appeal the evidence must be viewed in the light most favorable to the verdict, [Coalson] no longer enjoy[s] the presumption of innocence, and the appellate court determines the sufficiency, not the weight of the evidence, and does not judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve."

*Watson v. State*, 235 Ga. App. 381, 383-384 (509 SE2d 87) (1998). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). ·

In the present case, Coalson contends that insufficient evidence was presented to establish the child molestation as charged in Counts 3 and 4 of the indictment. Count 3 charged that Coalson placed his hand against the penis of the victim, a male child under the age of 16 years, and Count 4 charged that Coalson placed his penis against the penis of the same victim. Viewing the evidence relevant to Counts 3 and 4 of the indictment, it reveals that, during an interview of the seven-year-old victim, the victim stated that Coalson touched his "ding ding," that Coalson sucked his "ding ding," and that he touched it with his "ding ding." Additionally, the victim's statement to the social worker was consistent with what he told his mother.

> There is no requirement that the testimony of the victim of child molestation be corroborated. See *Padgett v. State*, 175 Ga. App. 818 (334 SE2d 883) (1985). Nevertheless, the testimony of the victim in this case was corroborated in several material respects. From all of the evidence, the jury was authorized to find that [Coalson] had committed an immoral or indecent act to the person of the child. See generally *Chapman v. State*, 170 Ga. App. 779 (1) (318 SE2d 213) (1984). The evidence would also clearly authorize a finding that [Coalson] had done so with the intent to arouse his sexual desires. See generally *Bentley v. State*, 179 Ga. App. 287 (1) (346 SE2d 98) (1986).

*Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988).

The trial court did not err in denying Coalson's motion for directed verdict with regard to Counts 3 and 4 of the indictment.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 8, 1999.

*Joe Frank Harris, Jr. & Associates, William S. Helton*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.