A99A0849. DANDY v. THE STATE.
(518 SE2d 907)

JOHNSON, Chief Judge.

A jury found Henry Dandy guilty of possession of cocaine. Dandy appeals from the judgment of conviction entered on the verdict and the denial of his motion for new trial. For the following reasons, we affirm.

1. Dandy contends the evidence was insufficient to support the verdict because the state failed to prove venue. The indictment charged Dandy with possessing cocaine in Muscogee County. The arresting officer testified that the offense was committed in Muscogee County. We note that there was no evidence that the offense was committed in any other county. The evidence was sufficient to authorize the jury's finding, beyond a reasonable doubt, that the crime charged was committed in Muscogee County. See *Pryor v. State*, 231 Ga. App. 136, 137 (3) (497 SE2d 805) (1998); *Joiner v. State*, 231 Ga. App. 61, 63 (497 SE2d 642) (1998).

2. Dandy complains that the state failed to introduce this evidence of venue before resting its case, and argues that the trial court erred in permitting the state to reopen its case so that it could introduce evidence establishing venue. This enumeration is without merit.

It is within the trial court's discretionary power to permit the state to reopen its case after the close of evidence and to introduce further evidence. See *Thompson v. State*, 175 Ga. App. 645, 646 (1) (b) (334 SE2d 312) (1985); *Morris v. State*, 170 Ga. App. 849, 850 (2) (318

SE2d 517) (1984). We find no abuse of discretion. See *Bryan v. State*, 168 Ga. App. 711-712 (1) (310 SE2d 533) (1983). Because the trial court was authorized to allow the case to be reopened, and because sufficient evidence of venue was introduced upon reopening, we need not decide whether the circumstantial evidence of venue introduced before the case was reopened was sufficient to prove venue. See generally *Davis v. State*, 225 Ga. App. 564, 566 (3) (484 SE2d 284) (1997) (venue may be proved by circumstantial evidence); and *Frisbey v. State*, 236 Ga. App. 883, 885 (2) (514 SE2d 453) (1999) (evidence of venue sufficient where officer testified as to which county he worked for and there was no evidence conflicting with conclusion that venue was in that county).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JUNE 3, 1999 — CERT. APPLIED FOR.

*William J. Mason*, for appellant.

Henry A. Dandy, Jr., *pro se.*

*J. Gray Conger, District Attorney, Mark A. Casto, Frances D. Hakes, Assistant District Attorneys*, for appellee.