## A01A1332. PERDUE v. THE STATE.
(551 SE2d 65)

JOHNSON, Presiding Judge.

A jury convicted David Perdue of two counts of child molestation, two counts of aggravated child molestation, statutory rape, and cruelty to children in the first degree. Perdue appeals, alleging the evi-

dence was insufficient to support the jury's verdict. Because the evidence was sufficient to support the jury's verdict, we affirm.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that Perdue began nocturnal visits to his stepdaughter's room when she was 12 years old, fondling and licking her breasts and vaginal area. She told a school counselor and a detective, but recanted almost immediately after her parents told her she would break up the family if she told the truth. At a family meeting, Perdue admitted he had improper sexual contact with his stepdaughter, cried, begged forgiveness, and promised it would never happen again.

After a brief respite, Perdue resumed almost nightly visits to his stepdaughter's room, touching and licking her. He also made her kiss his chest and touch his private areas. The stepdaughter told her mother, but Perdue did not stop. Over the next three or four years, the fondling continued and progressed to mutual oral sodomy and eventually culminated in routine sexual intercourse. Perdue would remind his stepdaughter that if she revealed the truth, she would break up the family. The evidence further showed that Perdue and the mother would have sexual intercourse while the stepdaughter and her sister were in the bed with them.

At age 15, the stepdaughter eventually confided in her best friend. Her friend testified that she could tell the stepdaughter was struggling with the issue of whether she should tell and break up her family. The stepdaughter then told her boyfriend, who, against the stepdaughter's wishes, told his mother. The stepdaughter then spoke with her boyfriend's mother. The boyfriend's mother testified that the stepdaughter "just kind of curled up. She was crying. . . . She said that she was afraid this was going to destroy her family. She was concerned about her sister." The boyfriend's mother initiated the police investigation.

Perdue initially denied any misconduct, but finally admitted touching his stepdaughter's breasts on two occasions and touching her vaginal area once over her clothing. He claimed his stepdaughter enticed him by flashing her breasts and dropping her towel after a shower.

In a two-sentence argument, Perdue contends the evidence was insufficient to find him guilty of child molestation, aggravated child molestation, and statutory rape because "[h]e denied committing the offenses charged. The only corroboration was other persons repeating [his stepdaughter's] allegations." We find no merit to this argument.

First, there is no legal requirement that the stepdaughter's statements be corroborated with respect to the child molestation and

aggravated child molestation offenses.[1] The testimony of one witness is generally sufficient to establish a fact.[2] As for the statutory rape offense, testimony of the other witnesses confirming the stepdaughter's accounts, as well as Perdue's admission of some of the acts, was sufficient to corroborate the stepdaughter's testimony.[3]

Secondly, on appeal this Court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient.[4] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[5]

Child molestation is defined as doing an immoral or indecent act to, with, or in the presence of a child under 16 years of age, with the intent to arouse and satisfy the sexual desires of either the accused or the child.[6] Aggravated child molestation is defined as an offense of child molestation which physically injures the child or involves an act of sodomy.[7] Statutory rape occurs when a person engages in sexual intercourse with any child under the age of 16 years.[8] We find sufficient evidence in this case to authorize a rational trier of fact to find Perdue guilty beyond a reasonable doubt of child molestation, aggravated child molestation, and statutory rape.

2. Perdue contends the evidence was insufficient to find him guilty of cruelty to children. Count 6 of the indictment charged Perdue with the offense of cruelty to children in the first degree in that he unlawfully, maliciously caused his stepdaughter cruel and excessive mental pain by telling her not to tell anyone about the sexual activities he was performing on, to, and with her because it would cause her family to break up. According to Perdue there was no evidence that his stepdaughter experienced excessive mental pain maliciously caused by him. We disagree.

To establish the offense of cruelty to children, the state must establish that the child was under the age of 18, that the child suffered physical or mental pain, that the pain was cruel or excessive, that the defendant caused the pain, and that the defendant acted maliciously in doing so.[9] In the present case, the evidence showed that Perdue told his stepdaughter that she would break up the family

[1] *Vickers v. State*, 241 Ga. App. 452, 453 (527 SE2d 217) (1999).

[2] OCGA § 24-4-8.

[3] See *Trejo v. State*, 245 Ga. App. 316, 318 (2) (537 SE2d 755) (2000); *Wilson v. State*, 241 Ga. App. 426, 429-430 (2) (526 SE2d 381) (1999).

[4] *Vickers*, supra.

[5] Id.

[6] OCGA § 16-6-4 (a).

[7] OCGA § 16-6-4 (c).

[8] OCGA § 16-6-3 (a).

[9] *Brewton v. State*, 266 Ga. 160 (1) (465 SE2d 668) (1996); see OCGA § 16-5-70 (b).

if she told anyone about the sexual abuse. The stepdaughter testified about her struggle between telling the truth to stop the sexual abuse and destroying her family. Two witnesses observed the stepdaughter cry and agonize over the decision of whether she should disclose the sexual abuse and possibly destroy her family. Another described her mental suffering after the sexual abuse had been reported and she had been put into a foster home.

The determination of what is cruel or excessive mental pain is to be made by the jury.[10] Viewing the evidence in a light most favorable to support the jury's verdict, the evidence was sufficient to enable a rational trier of fact to find Perdue guilty beyond a reasonable doubt of the offense of cruelty to children.[11]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 25, 2001.

*Lawrence W. Daniel*, for appellant.
*Patrick H. Head, District Attorney, Frances D. Hakes, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[10] *Sims v. State*, 234 Ga. App. 678, 679 (1) (507 SE2d 845) (1998).
[11] See *Wilhelm v. State*, 237 Ga. App. 682, 685 (3) (516 SE2d 545) (1999); *Goss v. State*, 228 Ga. App. 411, 412 (1) (491 SE2d 859) (1997).