A03A0998. LITTLE v. THE STATE.

(585 SE2d 677)

ELDRIDGE, Judge.

A Floyd County jury found Marie Little guilty of incest, contributing to the delinquency of a minor, and furnishing alcohol to a

---

[5] See *In the Interest of S. U.*, 232 Ga. App. 798, 801 (2) (503 SE2d 66) (1998).
[6] *Watson v. State*, 243 Ga. App. 636, 639 (534 SE2d 93) (2000).

minor, which charges arose pursuant to acts Little committed against her 16-year-old nephew. She appeals and, in two narrowly drawn enumerations of error directed to the sufficiency of the evidence, contends (a) the State failed to prove the victim's age at the time Little furnished him with alcohol and marijuana so as to support her conviction for contributing to the delinquency of a minor; and (b) the State failed to prove that Little had sexual intercourse with the victim so as to support her conviction for incest. Upon review of the record, we find these contentions meritless and affirm.

In determining the sufficiency of the evidence in a criminal case, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] An appellate court does not weigh the evidence or judge the credibility of the witnesses, but only determines whether the evidence to convict is sufficient; so long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld.[2]

a. Little was indicted for contributing to the delinquency of a minor in that she furnished her minor nephew with alcohol and marijuana. Under the statute as it relates to this case, a "minor" means "any individual who is under the age of 17 years."[3] In that regard, the victim's videotaped statement to the police was admitted without objection and played to the jury; therein, the victim specifically stated that he was 16 when the acts that formed the basis for the charges against Little occurred. "The testimony of a single witness is generally sufficient to establish a fact."[4] Indeed, other evidence tended to confirm the victim's statement that the indicted acts occurred before his seventeenth birthday. The fact that, during trial, the victim recanted his earlier statement simply presents a credibility determination for the trier of fact. Plainly, based upon Little's conviction, the victim's statement to the police appeared more credible to the jury than his courtroom recantation. Since there was competent evidence of record showing the essential element that the victim was under 17 at the time Little gave him alcohol and marijuana, the evidence was sufficient for a rational trier of fact to have found Little guilty beyond a reasonable doubt of contributing to the delinquency of a minor.[5]

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Graham v. State*, 236 Ga. App. 673, 675 (1) (512 SE2d 921) (1999).

[3] OCGA § 16-12-1 (a) (3).

[4] OCGA § 24-4-8.

[5] *Jackson v. Virginia*, supra.

b. In pertinent part, a person commits the offense of incest "when [s]he engages in sexual intercourse with a person to whom [s]he knows [s]he is related either by blood or by marriage as . . . [a]unt and nephew."[6] In this case, the victim stated that, when he was 16, he began "messing with my aunt," Little; that "he had sex with her." He stated that he never used a condom when having sex with Little. The interviewing officer specifically asked him:

[Q]: Did you — do you know what sexual intercourse is . . . ?
[A]: Yeah.
[Q]: Okay. Are you telling me that y'all had sexual intercourse in the bathroom?
[A]: Well, we started in the bathroom and wound up in the bedroom.

This evidence is sufficient for a rational trier of fact to find the essential element of "sexual intercourse" so as to support Little's conviction for incest.[7]

Under this same claim of error, Little mistakenly relies upon rape cases and argues that the State failed to prove "penetration" during her sexual intercourse with her nephew. Specific proof of "penetration," however, is peculiar to the rape statute and arises pursuant to that statute's definition of "carnal knowledge," an essential element of rape derived from common law.[8] The incest statute, on the other hand, demands proof of "sexual intercourse" only, which, as here, is satisfied evidentially by testimony from a party to the sex act that the couple had sexual intercourse.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 15, 2003.

*Phyllis V. Harris, Timothy J. Crouch*, for appellant.
*Leigh E. Patterson, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.

---

[6] OCGA § 16-6-22 (a) (5).

[7] *Alford v. State*, 243 Ga. App. 212, 213 (2) (534 SE2d 81) (2000); *Raymond v. State*, 232 Ga. App. 228, 229 (1) (501 SE2d 568) (1998).

[8] OCGA § 16-6-1 (a). See *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977) (offense of rape as established by common law).