A03A1466. FLUELLEN v. THE STATE.
(589 SE2d 847)

MIKELL, Judge.

Larry B. Fluellen was charged with driving under the influence of alcohol ("DUI"), endangering a child by driving under the influence, failure to maintain lane, and driving with an open container. Before trial, Fluellen filed a motion to quash the accusation, a motion to suppress, and a motion in limine. The trial court granted Fluellen's motion to suppress the results of his breath test. Fluellen also filed a special *Brady* motion seeking disclosure of various items including any audiotape or videotape recordings of Fluellen at the time of his arrest.

A bench trial was conducted by the Probate Court of Catoosa County on March 1, 2001. The court convicted Fluellen of DUI and endangering a child by driving under the influence. Fluellen was acquitted of the remaining charges. The Superior Court of Catoosa County affirmed. Fluellen appeals his convictions, contending that the evidence was insufficient, and that the trial court erred by denying Fluellen's motion to quash the accusation, by admitting his statements to Corporal Steven Bone, and by reopening the evidence to allow the state to introduce a videotape of the traffic stop. We affirm.

The evidence adduced at trial shows that on the morning of February 25, 2000, Corporal Bone observed Fluellen driving his car at an excessive rate of speed. The officer had been traveling southbound on Interstate 75 when Fluellen came up behind him. The officer sped up and Fluellen closed in on his vehicle. Corporal Bone allowed Fluellen to pass him, at which point the officer fell in behind Fluellen's car. Corporal Bone estimated Fluellen's speed at 80 to 90 mph and noticed Fluellen weaving from lane to lane. Corporal Bone stopped Fluellen.

When Corporal Bone approached Fluellen, he detected a strong odor of alcohol and asked Fluellen if he had been drinking. Fluellen replied that he had consumed six beers that morning. Corporal Bone noticed five empty beer cans in Fluellen's car. The corporal administered two field sobriety tests. Fluellen tested positive on both the alco-sensor test and horizontal gaze nystagmus ("HGN") test. Fluellen was then placed under arrest and given a breath test. Fluellen was issued separate uniform traffic citations for each charge.

1. Fluellen contends that the trial court erred in failing to quash traffic citation no. 664048, because it did not allege which subsection of OCGA § 40-6-391 Fluellen was charged with violating.

"The true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain or, for that matter, perfect. . . ." (Punctuation omitted.) *Manley v. State*, 187 Ga. App. 773, 775 (2) (371 SE2d 438) (1988). Further,

> [t]he legal sufficiency of the accusation or indictment depends upon the accusation as a whole. An indictment is sufficiently technical and correct if it states the offense in the terms and language of the statute or so plainly that the [trier of fact] may easily understand the nature of the offense charged. A defendant who was not at all misled to his prejudice by any imperfection in the [citation] cannot obtain reversal of his conviction on this ground. The designation of the offense should be construed together with the descriptive averments contained in the accusation or [citation] to determine whether it adequately charges the offense.

(Citations and punctuation omitted.) Id. at 775-776 (2).

In *Shelton v. State*, 216 Ga. App. 634 (455 SE2d 304) (1995), we held that the trial court did not err in failing to quash the uniform traffic citation charging the defendant with driving under the influence in violation of OCGA § 40-6-391. In that case, we found that,

> [t]he citation as a whole informed [defendant] that he was charged with violating OCGA § 40-6-391 by driving his vehicle under the influence of alcohol. The citation specifically provides that a DUI breath test was administered and the results showed an alcohol level of .17 grams. Hence, [defendant] was informed of what he should have been prepared to meet at trial, and the judge, as trier of fact, should have understood the offense charged against [defendant].

(Citation omitted.) Id. at 635 (1). This case is virtually identical to *Shelton*. The citation informed Fluellen that he was charged with violating OCGA § 40-6-391, and that he was "stopped for weaving and speeding, strong odor of alcohol on his person, [and] admitted to drinking 6 beers. . . ." The citation further provided that a DUI breath test was administered and the results showed an alcohol level of 0.175/0.18 grams. That Fluellen was not charged with violating a specific subsection of OCGA § 40-6-391 does not render the citation vague; the citation put Fluellen on notice that he could be convicted

under subsection (a) (1) or (a) (5). Even though the trial court suppressed the results of the Intoxilyzer test, thus precluding a conviction under subsection (a) (5), Fluellen should have been prepared to defend a charge under subsection (a) (1). The citation should not have been quashed.

2. Next, Fluellen argues that the trial court erred in finding that Fluellen's incriminating statements to Corporal Bone were admissible because they were relevant "to his character as to whether or not he drinks." The state concedes that the trial court relied on improper law in its ruling because Fluellen did not testify at trial and did not put his character in issue. However, the state argues that the error was harmless since the statements were otherwise admissible. We agree.

At trial, Corporal Bone testified that "[Fluellen] stated he had drank six beers that morning. . . ." Counsel objected, raising *Miranda* concerns. After clarifying that Fluellen's statement was made prior to any sobriety tests, the trial court overruled the objection.

"When a violator is placed in custody or under arrest at a traffic stop the protection of *Miranda* arises; however, roadside questioning at a routine stop does not constitute such a custodial situation." (Citation omitted.) *Lebrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227) (1986). See also *Razor v. State*, 259 Ga. App. 196 (576 SE2d 604) (2003) (rejecting defendant's contention that trial court erred in not suppressing defendant's statement that he consumed two beers, since the statement was made in response to routine roadside questioning). Here, Fluellen's statement was made in response to routine roadside questioning and was admissible as an exception to the hearsay rule. See *Shields v. State*, 223 Ga. App. 169, 170 (477 SE2d 342) (1996) ("[a] voluntary, incriminating statement or confession by a criminal defendant is admissible as an exception to the hearsay rule . . ."). See also Milich, Ga. Rules of Evidence, § 18.3, p. 374 (2nd ed. 2002). The trial court did not err in admitting the statements at issue.

3. Fluellen challenges the sufficiency of the evidence to support his DUI conviction. Fluellen contends that Corporal Bone's testimony proves that Fluellen was not a less safe driver under the statute. Corporal Bone testified that Fluellen tested positive when administered the HGN and alco-sensor tests. Corporal Bone further testified that he detected a strong odor of alcohol on Fluellen's person and observed Fluellen weaving and speeding. However, during cross-examination, Corporal Bone testified that if Fluellen had passed the Intoxilyzer test, he would not have been charged with DUI. Accordingly, Fluellen argues that Corporal Bone's observations of Fluellen — without the Intoxilyzer results — were insufficient to charge Fluellen with being

a less safe driver and that the state did not prove Fluellen's guilt beyond a reasonable doubt. We disagree.

Corporal Bone's observations coupled with Fluellen's admission that he drank six beers that morning were sufficient for a rational trier of fact to find Fluellen guilty beyond a reasonable doubt of DUI. Contrary to Fluellen's contention, Corporal Bone's statement regarding the results of the Intoxilyzer do not prove that Fluellen could not be found guilty of the "less safe" subsection of the DUI statute.

4. Fluellen contends that the trial court erred in reopening the evidence after the state had rested so that the state could introduce a videotape of the traffic stop. The evidence was reopened so that the state could tender a videotape showing that a child under the age of 14 was in Fluellen's car at the time he was stopped.

The record shows that just before closing arguments, Fluellen moved for a directed verdict on all charges including the charge of endangering a child by driving under the influence.[1] In response, the state noted that the court had yet to rule on the admissibility of the tape, which had been viewed in camera by Fluellen's counsel, the state, the trial judge, and Corporal Bone prior to the start of trial. Fluellen had never viewed the tape. The trial court granted the state's request to reopen the evidence so that a proper foundation could be laid and the videotape of the traffic stop could be tendered into evidence. The state recalled Corporal Bone to lay a proper foundation, and the trial court admitted the videotape into evidence.[2] Defense counsel then proceeded with his motion for directed verdict on the charge of endangering a child by driving under the influence, which was denied by the court.

Contrary to Fluellen's argument, it is within the trial court's discretionary power to permit the state to reopen its case to introduce additional evidence at any stage of trial, including after the jury has begun deliberations. *Dandy v. State*, 238 Ga. App. 435 (2) (518 SE2d 907) (1999); *Allain v. State*, 202 Ga. App. 706, 708 (3) (415 SE2d 315) (1992). We find no abuse of discretion in this case. See *Dandy*, supra (finding that it was within the trial court's discretion to permit the state to reopen its case after the close of the evidence so that the

---

[1] We note that "the trial court could not have directed a verdict of acquittal because there is no verdict in a bench trial. Therefore, even if a motion for a directed verdict was made, such a motion has no meaning when a case is tried without a jury." *Poole v. State*, 249 Ga. App. 409, 410 (1) (548 SE2d 113) (2001), citing *Jones v. State*, 226 Ga. App. 608, 609 (487 SE2d 89) (1997).

[2] The state did not question Corporal Bone about the "kid" in the car because of a prior ruling by the court, which occurred during the state's case-in-chief. During redirect examination of Corporal Bone, the state attempted to ask him whether Fluellen had a child in the car. Counsel objected arguing that redirect examination could not exceed the scope of cross-examination. The court sustained counsel's objection.

state could introduce evidence of venue). The trial judge was authorized to permit the case to be reopened to allow the state to tender the videotape into evidence. Further, because the trial judge was the factfinder in this case, we do not find any error in the court's failure to play the videotape during the trial; as previously noted, the state, the trial judge, Corporal Bone, and Fluellen's counsel all watched the videotape immediately before trial. Additionally, Fluellen could have asked the trial court to play the videotape after it was admitted, but he did not.

5. Lastly, Fluellen challenges the sufficiency of the evidence to support his conviction for endangering a child under the age of 14. Fluellen argues that the state presented no evidence during the trial that the child in Fluellen's vehicle was under the age of 14. He argues that, because the videotape was not played during the trial, it could not be considered by the factfinder. Finally, he contends that, even if the videotape had been played at trial, it is not sufficient evidence by itself to show that a child under the age of 14 was in the car.

Fluellen has not cited any authority to support his contention that because the videotape was not played during the state's case-in-chief, it could not be considered by the trial judge as factfinder. The record shows that the trial judge watched the videotape prior to the start of trial and then denied Fluellen's motion to exclude the videotape. Further, as previously noted, Fluellen could have asked the trial court to play the videotape after it was admitted into evidence, but did not.

Additionally, the videotape clearly shows evidence of the child's age. The videotape shows Fluellen standing behind his car after being stopped by Corporal Bone. After Corporal Bone administered the alco-sensor test to Fluellen, the officer motioned to the front passenger seat and asked Fluellen the age of his son. Fluellen responded "seven," and Corporal Bone repeated "seven years old." Accordingly, there was sufficient evidence to convict Fluellen of endangering a child under the age of 14 by driving under the influence.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 2003.

*Virgil L. Brown & Associates, Ronald J. Ellington,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Douglas R. Woodruff, Assistant District Attorney,* for appellee.