## A03A1667. WILKINS v. THE STATE.

(591 SE2d 445)

JOHNSON, Presiding Judge.

A jury found Preston Wilkins guilty of committing the offenses of rape, child molestation, aggravated child molestation, and incest upon his 11-year-old stepdaughter. He appeals from the denial of his motion for a new trial, claiming the evidence was not sufficient to support the verdicts. We affirm the judgment of the trial court.

Viewing the evidence in a light most favorable to the prosecution,[1] it shows that the child was living with her mother, Wilkins, and three siblings. One night in June or July 1997, the child awoke to find Wilkins standing over her bed. He removed the child's clothing and fondled her breasts and vagina. When the victim's brother, who was sleeping in the same room, started to move around in his sleep, Wilkins left.

The victim told her mother what happened, and her mother confronted Wilkins. The mother ordered Wilkins to leave the house, but then allowed him to return a few days later.

In October 1997, Wilkins entered the child's bedroom, stood over her bed, and removed her clothing. According to the victim, Wilkins did "[b]asically the same thing" as he did previously, but this time "he got his penis in me." She added that it hurt. Because nothing happened to Wilkins the first time the child reported his conduct, the victim did not report this offense to her mother.

The victim did tell her best friend that her father "had been messing with her." The friend relayed the accusations to her grandmother, who then talked to the victim. The victim told her friend's grandmother that Wilkins had been "feeling on her." The grandmother reported the accusations to a school counselor.

The school counselor asked the victim about the accusations. The victim told the counselor that Wilkins had been standing beside her bed "playing with himself," and "feeling on" her breasts and vagina. The child added that this had happened before, but that her mother did not believe her. The counselor reported the information to the Department of Family and Children Services.

A police officer also interviewed the victim. The victim told the officer that in June or July 1997, Wilkins entered her bedroom, held her down, and had sexual intercourse with her. She also told the officer that Wilkins had sex again with her in October 1997.

A pediatrician examined the child in November 1997. According to the physician, the child's hymenal area was "wide open" and allowed the insertion of a speculum "very easily." This, she stated,

---

[1] See *Jackson v. State*, 262 Ga. App. 451, 452 (1) (585 SE2d 745) (2003).

was "very unusual for an eleven-year-old child, unless they've been sexually active." No rape kit was prepared because of the time lapse between the examination and the last incident.

Wilkins contends the evidence was insufficient to support the verdicts, urging that there was no physical evidence supporting the child's allegations, and that the child fabricated the allegations because he was too harsh a disciplinarian. This argument presents no basis for reversal.

In determining the sufficiency of the evidence in a criminal case, the relevant question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] An appellate court does not weigh the evidence or judge the credibility of the witnesses, but only determines whether the evidence to convict is sufficient.[3] So long as there is some competent evidence, even though contradicted, to support each element of the state's case, the jury's verdict will be upheld.[4]

Here, the victim's allegations were supported by her testimony and by statements she made to family, friends, and investigators regarding sexual acts Wilkins committed upon her.[5] And, contrary to Wilkins' contention, the medical findings were completely consistent with the victim's allegation of abuse by sexual intercourse. Whether the victim fabricated the allegations is a matter of credibility, an issue properly left to the jury.[6] The evidence was more than sufficient to authorize a rational trier of fact to find Wilkins guilty beyond a reasonable doubt of child molestation, aggravated child molestation, incest, and rape.[7]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED DECEMBER 3, 2003.

*Patrick G. Longhi*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[2] *Little v. State*, 262 Ga. App. 377, 378 (585 SE2d 677) (2003).
[3] Id.
[4] Id.; *Perdue v. State*, 250 Ga. App. 201, 203 (1) (551 SE2d 65) (2001).
[5] See generally *Woodford v. State*, 240 Ga. App. 875 (525 SE2d 408) (1999).
[6] See *Self v. State*, 208 Ga. App. 447, 448 (3) (431 SE2d 126) (1993).
[7] See *Little*, supra at 379 (b); *Perdue*, supra.