## A06A0015. ILES v. THE STATE.

(630 SE2d 148)

RUFFIN, Chief Judge.

A jury found William Iles guilty of aggravated child molestation. Iles moved for a new trial, challenging the sufficiency of the evidence, and argues that he received ineffective assistance of counsel. The trial court denied the motion, and Iles appeals. Finding no errors, we affirm.

1. In resolving Iles' challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] Construed in this manner, the evidence shows that the three-year-old victim told her grandmother that Iles, her mother's live-in boyfriend, had touched her private area. Prior to this outcry, the grandmother had noticed that the victim "jumped" and whined

---

[1] *Wilkins v. State*, 264 Ga. App. 524, 525 (591 SE2d 445) (2003).

when her diaper was changed. The victim also appeared sad and withdrawn, which was unusual.

The grandmother took the victim to the hospital, where medical personnel performed a sexual assault exam. During the examination, the victim squealed and said "my daddy touched me down there." According to the grandmother, the victim sometimes referred to Iles as "daddy." The victim also told the examining doctor that "William" had touched her in the vaginal area with his hand. The doctor then discovered that the victim's hymen was torn, an injury consistent with someone placing a finger in the victim's vagina. The doctor testified that this type of injury is "abnormal for a three-year-old."

The victim's brother testified that, on one occasion, Iles took the victim upstairs, and, when they came downstairs, the victim stated that her private area hurt. The victim also told her two great aunts that Iles had touched her private area. And in an interview with authorities, the victim pointed to her vaginal area and stated that Iles had touched her.

The victim testified at trial that Iles removed her panties and touched her on the "front side" of her "privacy part" with his finger. Although the victim told Iles to stop, he continued to touch her, and "it hurt."

"A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child."[2] Child molestation occurs when a person does any immoral or indecent act to a child under the age of 16 with the intent to arouse or satisfy the sexual desires of the person or the child.[3] In this case, the victim not only reported the abuse to numerous individuals, but testified at trial that Iles touched her private area with his finger and would not stop when she asked him to do so. Moreover, she asserted that the touching hurt, and medical evidence showed that her hymen was physically injured in a manner consistent with digital penetration. This evidence was more than sufficient to support Iles' conviction for aggravated child molestation.[4]

On appeal, Iles argues that other evidence — such as testimony that the victim's mother did not believe the allegations against Iles, that the victim's family "had [a] motive to falsely accuse [him]," and that the hymenal injury could have resulted from something other than molestation — undermines the verdict. We disagree. "An appellate court does not weigh the evidence or judge the credibility of the

[2] OCGA § 16-6-4 (c).
[3] See OCGA § 16-6-4 (a).
[4] See *Sailor v. State*, 265 Ga. App. 645, 647 (1) (595 SE2d 335) (2004); *Wilkins*, supra.

witnesses, but only determines whether the evidence to convict is sufficient."[5] Where, as here, competent evidence supports each element of the State's case, the verdict will be upheld, even if that evidence is contradicted.[6]

2. Iles also claims that he received ineffective assistance of counsel at trial. Specifically, he argues that trial counsel "failed to investigate the case, failed to interview witnesses, failed to utilize a rape kit examination which would have been exculpatory of defendant, failed to request a fast and speedy trial and failed to honor the defendant's request to waive his right to a jury trial." To succeed on his claim, Iles must show " 'both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different.' "[7] The trial court's denial of Iles' ineffective assistance claim will be affirmed unless that ruling is clearly erroneous.[8]

We find no error here. Although Iles claims that trial counsel failed to investigate his case and interview necessary witnesses, counsel testified at the new trial hearing that he met with Iles 15 to 20 times prior to trial and investigated all leads provided by Iles. Counsel also spoke with numerous witnesses and potential witnesses, including the victim's grandmother, brothers, great aunts, and mother, as well as all other witnesses Iles mentioned. And although the grandmother would not allow counsel to interview the victim, he reviewed the victim's videotaped interview with authorities. Given this testimony, Iles has not shown that counsel's pre-trial investigation and witness interviews fell below an objective standard of reasonableness.[9]

Iles also claims that trial counsel ignored his request to proceed with a bench trial, rather than a jury trial. Counsel testified, however, that Iles never stated that he wanted a bench trial. And in counsel's judgment, a bench trial would not have benefitted Iles because in molestation cases, "it [is] best to have a jury decide the issues." The trial court was authorized to believe counsel's testimony that Iles did not request a bench trial.[10] Furthermore, counsel's decision to try the case before a jury was plainly strategic, and we cannot find that such decision "fell outside the wide range of reasonable professional assistance."[11]

---

[5] *Wilkins*, supra.

[6] See id.

[7] *Thomas v. State*, 273 Ga. App. 357, 361 (4) (615 SE2d 196) (2005).

[8] See id.

[9] See id. at 361-362 (4) (a).

[10] See *Davis v. State*, 253 Ga. App. 803, 809 (15) (a) (560 SE2d 711) (2002).

[11] (Punctuation omitted.) *Harris v. State*, 274 Ga. 774, 775 (3) (560 SE2d 642) (2002).

Iles further argues that counsel should have presented evidence that a rape kit performed on the victim by medical personnel was "exculpatory," apparently because it was "negative." As trial counsel noted, however, the molestation charge did not involve allegations of sexual intercourse. Instead, the indictment alleged — and the jury found — that Iles placed his finger in the victim's vagina. Trial counsel testified that, in such circumstance, he would not expect a rape kit to produce a positive result, even if the molestation occurred. In other words, a "negative" result on the rape kit was irrelevant to whether Iles molested the victim with his finger. Iles has presented no evidence that the rape kit result was exculpatory or helpful to his defense, and we cannot discern how counsel's failure to use this evidence constitutes ineffective assistance.[12]

Finally, Iles argues that counsel was ineffective in not filing a speedy trial demand and in failing to ask witnesses questions he submitted to counsel during trial. But Iles has not shown that these alleged failings prejudiced him. Although he maintains that he wanted a speedy trial, he has not demonstrated — or even argued — that he was prejudiced by any delay[13] or that the outcome of his trial would have been different had counsel moved for a speedy trial. Similarly, Isles claims that he asked counsel to pose various questions to witnesses, but he did not testify at the new trial hearing about the substance of those questions or demonstrate how they would have aided his defense. Under these circumstances, Iles has not met his burden of showing prejudice.[14] We therefore affirm the judgment of conviction.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 14, 2006.

*Thomas S. Robinson III*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.

---

[12] See *Sellers v. State*, 277 Ga. 172, 173-174 (4) (587 SE2d 35) (2003).

[13] Iles testified that he was arrested on June 13, 2001, and the record shows that his trial commenced on November 12, 2002.

[14] See *Zepp v. State*, 276 Ga. App. 466, 474 (4) (e) (623 SE2d 569) (2005) (to support an ineffective assistance claim, the defendant must show that "counsel's performance, assuming it was deficient, harmed [him]").