A06A1111. HINKLE v. THE STATE.
(638 SE2d 781)

RUFFIN, Chief Judge.

A Floyd County jury found Allen Hinkle guilty of robbery, obstructing a police officer, and battery. In a previous appeal, this Court remanded the case for a hearing on the issue of ineffective assistance of counsel. After a hearing on Hinkle's motion for a new trial, the trial court concluded that he had received effective assistance and denied the motion. Finding no error, we affirm.

In order to establish ineffective assistance of counsel, Hinkle "must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense."[1] There is a "strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct," and we will affirm the trial court's decision on this issue unless it is clearly erroneous.[2] Hinkle alleges three instances of ineffective assistance of counsel. He contends that trial counsel was ineffective because he: (1) did not call

---

[1] *Young v. State*, 280 Ga. 65, 69 (11) (623 SE2d 491) (2005).

[2] (Punctuation omitted.) *Davis v. State*, 267 Ga. App. 245, 246 (1) (599 SE2d 237) (2004).

certain witnesses on Hinkle's behalf; (2) did not adequately meet with Hinkle to prepare for trial; and (3) did not move for a directed verdict on the basis that the State had not established venue. In the first two of these instances, however, he presents nothing more than bare allegations that trial counsel should have acted differently. Hinkle's failure to provide the evidence required to prove ineffective assistance is fatal to those two claims.[3]

1. Hinkle contends that trial counsel should have called "up to four alibi or corroborating witnesses," but did not. Hinkle has not shown who these witnesses were or what their testimony would have been. Without such showing, we cannot evaluate whether the failure to call the witnesses was deficient or whether their testimony might have changed the outcome of the case.[4]

At the hearing on the motion for new trial, the only testimony about potential witnesses came from trial counsel,[5] who stated that he and Hinkle discussed calling Hinkle's cousin and girlfriend as witnesses, but that Hinkle "said he didn't think either of those people would make good witnesses for him." As Hinkle failed to identify the potential witnesses or to proffer their testimony at the hearing on his motion for new trial, the trial court properly denied his claim of ineffective assistance on this basis.[6]

2. Hinkle alleges that trial counsel "failed to timely meet [Hinkle] prior to trial" and thus rendered ineffective assistance. Hinkle claims in his brief that he met trial counsel "on one occasion before the trial started." Hinkle suggests that, had his counsel met with him sooner, counsel could have done more to aid his defense, including subpoenaing witnesses. Again, however, he has not identified which witnesses should have been subpoenaed or how their testimony would have aided his defense. Hinkle also fails to indicate what other steps counsel might have taken or how such additional preparation would have altered the outcome of the trial. Although trial counsel admitted that he did not meet with Hinkle until two weeks before trial, "mere shortness of time for preparation of counsel is insufficient to show ineffectiveness."[7] Under these circumstances, Hinkle has not established ineffective assistance of counsel.[8]

---

[3] See *King v. State*, 279 Ga. App. 302 (630 SE2d 905) (2006); *Iles v. State*, 278 Ga. App. 895, 897-898 (2) (630 SE2d 148) (2006); *Wilburn v. State*, 278 Ga. App. 76, 77-78 (2) (628 SE2d 174) (2006).

[4] See *Burdette v. State*, 276 Ga. App. 695, 700 (3) (624 SE2d 253) (2005).

[5] Trial counsel was the only witness called at the hearing.

[6] See *Duvall v. State*, 273 Ga. App. 143, 146 (3) (b) (614 SE2d 234) (2005).

[7] *Randall v. State*, 207 Ga. App. 637, 640 (3) (428 SE2d 616) (1993).

[8] See *Lawson v. State*, 280 Ga. App. 870, 873 (2) (c) (635 SE2d 259) (2006).

3. Finally, Hinkle argues that trial counsel was ineffective because he failed to move for a directed verdict on the issue of venue. Hinkle does not claim that venue was, in fact, improper, but instead asserts that the State did not properly establish venue. Hinkle was found guilty of robbery, obstructing a police officer, and battery. We find that there was sufficient evidence of venue as to the offenses of obstructing a police officer and battery, which took place at the time of Hinkle's arrest, as Officer Kirkpatrick testified that he apprehended Hinkle in Floyd County.[9] Thus, Hinkle cannot show that the outcome of his trial on these two charges would have been different had trial counsel moved for a directed verdict.[10]

As for the charge of robbery, there was ample evidence at trial that the robbery took place in the city of Rome, but there was no testimony that the city of Rome is in Floyd County, and the court did not take judicial notice of the city's location.[11] While the evidence may not have been sufficient to establish venue for the robbery charge in Floyd County, and trial counsel could have moved for a directed verdict for failure to prove venue on the robbery charge, Hinkle has failed to show that the outcome of the trial would have been different if there had been a directed verdict motion. Trial counsel testified that he did not move for a directed verdict because, while the victim did not testify specifically that the crime occurred in Floyd County, there was enough testimony about the location that "it was clear to the court and jury that . . . the events complained of did transpire in Floyd County." And the trial judge stated, in denying the motion for new trial, that, as it had already been established that the crime occurred in the city of Rome, if counsel had moved for a directed verdict, she would have allowed the State to reopen its case and present additional evidence of venue in Floyd County.[12] Because Hinkle has not shown that the outcome of his case would have been different if trial counsel had moved for a directed verdict, he has not established prejudice, and thus his claim of ineffective assistance fails.[13]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[9] See *Ward v. State*, 270 Ga. App. 427, 427-428 (606 SE2d 877) (2004).

[10] See *Schaff v. State*, 275 Ga. App. 642, 643 (2) (621 SE2d 595) (2005) (" 'Failure to raise a meritless objection cannot constitute ineffective assistance of counsel.' ").

[11] See *Graham v. State*, 275 Ga. 290, 292-293 (2) (565 SE2d 467) (2002) (trial court must follow certain prerequisites in taking judicial notice that a city is located entirely within a county).

[12] See *Dandy v. State*, 238 Ga. App. 435 (2) (518 SE2d 907) (1999) (trial court has discretion to permit State to reopen its case after close of evidence to establish venue).

[13] See id.

DECIDED NOVEMBER 8, 2006.

*Ryan H. Remsen*, for appellant.

*Leigh E. Patterson, District Attorney, Suhirjahaan S. Morehead, Assistant District Attorney*, for appellee.