648 S.E.2d 488 (2007)
CORTEZ
v.
The STATE.
No. A07A0824.
Court of Appeals of Georgia.
June 26, 2007.
*490 Kathleen J. Anderson, for appellant.
Timothy G. Madison, District Attorney, H. Michael Ruppersburg, Assistant District Attorney, for appellee.
JOHNSON, Presiding Judge.
A jury found Juan Cortez guilty of aggravated child molestation, child molestation, cruelty to children by causing physical injury and cruelty to children by causing mental injury. Cortez appeals, alleging the evidence was insufficient to support the jury's verdict and the trial court erred in denying his motion for mistrial. We find no error and affirm Cortez's convictions.
1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] Deference is given to the jury's assessment of the weight and credibility of the evidence.[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]
Viewed in that light, the evidence showed that seven-year-old A.R. lived with her parents in one bedroom of their trailer. Three cousins, including Cortez, shared the other trailer bedroom. About a month before June 27, 2002, Cortez moved out of the trailer, but lived in a nearby trailer and would often visit.
On June 27, 2002, A.R.'s mother picked her up from a babysitter, took her home and began giving her a bath. A.R. told her mother not to touch her "downward on her body." When asked what was wrong, A.R. initially refused to tell her mother, saying she was worried her mother would scold her. Eventually, however, A.R. told her mother that Cortez had touched her and forcibly kissed her. She pointed to her genital area when asked where Cortez had touched her. A.R.'s mother had noticed that for several days previous to this, A.R. had been acting nervous, had bags under her eyes and was neither sleeping nor eating well.
The mother took A.R. to a local hospital. On the way to the hospital, A.R. told her mother that Cortez had threatened her, telling A.R. that if she told her mother, her mother would hit her and would not love her anymore. At the hospital, a doctor with specialized training in examining children of sexual abuse examined A.R. The doctor saw two obvious injuries to A.R.'s genital area: a bruise to her labia majora and a cut to her hymen that appeared to have been bleeding at one time. The doctor determined that A.R.'s injuries were "obvious sexual abuse injur[ies]" and were less than 48 hours old. She further opined that finding both injuries was "quite unusual and extremely indicative of a purposeful injury" and that, based on the location and type of injuries, the injuries came from a source outside the child. She categorized A.R. as Class Five, which is the ranking most consistent with sexual abuse.
The doctor did not use a Woods Lamp to examine A.R. because one was not immediately available to her. She did not take a culture for a rape kit because she did not see *491 an obvious discharge from A.R.'s vagina from which to take a culture and she did not want to inflict the pain that taking a culture would have caused. She did not use a speculum to examine A.R. because she did not believe it was necessary.
After her examination, A.R. met with Lieutenant Bruce Bly, a child abuse investigator with the Barrow County Sheriff's Office. The lieutenant has training and experience in conducting forensic interviews with child sexual abuse victims and conducted a forensic interview with A.R.A.R. told the lieutenant and indicated to him through bodily gestures that Cortez had kissed her around the neck and shoulders and had rubbed her inner thigh and vaginal area. A.R. also indicated on a female anatomical drawing that Cortez had touched her on the shoulders, legs and vaginal area. She indicated on a male anatomical drawing that Cortez had used his hands and penis when touching her. She identified the individual who had touched her as her cousin Juan and described him as heavy with a goatee. Approximately three weeks later, the lieutenant again had A.R. mark anatomical drawings, and A.R. indicated on the drawing that Cortez touched her on the shoulder, legs, arms and vaginal area and that he touched her with his penis and hips.
At trial, A.R. testified that she was in court because "something bad happened to me" and "somebody did something to me." She then identified Cortez as that person. She testified that the first time it happened Cortez was drunk and that he had a beer in his hand.
(a) Aggravated child molestation and child molestation. Cortez claims the state failed to offer any proof that he was guilty of sexually molesting A.R. He points to the lack of physical evidence connecting him to the crime. However, "[t]here is no requirement that the testimony of the victim of child molestation be corroborated."[4] The testimony of one witness is generally sufficient to establish a fact.[5] And, we do not speculate which evidence the jury chose to believe or disbelieve.[6]
Count 1 of the indictment charged Cortez with aggravated child molestation in that he "did an immoral and indecent act, to wit: touching the vaginal area of [A.R.], a child under the age of 16 years, with the intent to arouse and satisfy the sexual desires of the accused, and which resulted in physical injury to said child." Count 2 of the indictment charged Cortez with child molestation in that he "did an immoral and indecent act, to wit: touching the vaginal area of [A.R.], a child under 16 years of age, with intent to arouse and satisfy the sexual desires of said accused."
The testimony of A.R. and the witnesses who testified to her statements was sufficient to enable a rational trier of fact to determine that Cortez committed an indecent and immoral act by touching A.R.'s vaginal area with the intent to arouse his sexual desires. In addition, the testimony of the doctor was sufficient to enable a rational trier of fact to determine that Cortez physically injured A.R. The evidence is thus sufficient to support Cortez's convictions for aggravated child molestation and child molestation. The jury obviously chose to reject Cortez's argument that A.R.'s injuries were the result of a straddle injury.
(b) Cruelty to children. In order to sustain a conviction for cruelty to children, there must be proof beyond a reasonable doubt that Cortez maliciously caused a child under the age of 18 cruel or excessive physical or mental pain.[7] Cortez argues that there was no evidence that A.R. suffered cruel or excessive physical or mental pain. However, Cortez's argument fails to take into account that "the determination of what is cruel or excessive physical or mental pain is to be made by the jury."[8] In the present *492 case, the jury determined that Cortez's conduct caused A.R. cruel or excessive physical and mental pain. Viewing the evidence in a light most favorable to the jury's determination, we conclude that the standard of Jackson v. Virginia[9] was met.
The doctor testified that A.R.'s injuries were caused by "something with a lot of force and something that sheared at the same time." Not only did A.R. have a bruised labia majora, but she had a cut to her hymen that looked as if it had been bleeding at one time. The evidence was sufficient for a rational trier of fact to conclude that the amount of force it took to inflict these injuries on A.R. and the pain and discomfort she suffered after the injuries constituted cruel or excessive physical pain.
Similarly, the jury was authorized to conclude that Cortez's comments to A.R. constituted cruel or excessive mental pain.[10] The evidence showed that Cortez told A.R. that if she told her mother, her mother would hit her and not love her. A.R.'s mother testified that in the days before A.R. told her about the abuse, A.R. was nervous, had bags under her eyes, and was not sleeping or eating well. She also testified regarding A.R.'s reluctance to tell her about the abuse. A.R. began crying and was worried that her mother would scold her. The determination of what constitutes cruel or excessive mental pain is to be made by the jury,[11] and the evidence supports their conclusion.
2. Cortez contends the trial court erred in denying his motion for mistrial following the lieutenant's comment that he "determined that the person that she had identified as Juan Cortez had sexually molested her." The trial court denied Cortez's motion for mistrial, but gave the following curative instruction:
Ladies and gentlemen, the response to the last question, I'm instructing you now to disregard the response that Lieutenant Bly gave that essentially vouched for the credibility for the alleged victim, the child witness, [A.R.]. It's not something within this witness's purview. It is not to be considered by you as evidence. It is not evidence and I'm instructing you now to disregard it in its entirety.
Several moments later, the trial court polled the jury in the following manner:
Is there any one of you who cannot follow my curative instruction and completely disregard the witness's response to the question to which I told you to disregard and completely eliminate that from your consideration as you deliberate in this case? Anybody that cannot follow that instruction and disregard that response from Lieutenant Bly?
No jurors indicated that they would be unable to follow the trial court's instruction to disregard the lieutenant's statement.
The credibility of a witness is a jury question, and it is improper for one witness to bolster the testimony of another witness.[12] When a motion for mistrial is made based on the ground that one witness improperly bolstered another witness's credibility in the presence of the jury, the corrective measure to be taken by the trial court is largely a matter of discretion.[13] A trial court's ruling on a motion for mistrial will not be disturbed if the court has taken remedial measures sufficient to ensure a fair trial.[14]
Here, the jury was instructed that it was to disregard the lieutenant's statement and completely eliminate it from their consideration of the case. In addition, the jury was polled to determine if any juror would be unable to follow the curative instruction, and no juror responded that he or she would be unable to follow the trial court's curative instruction to disregard the statement. The trial court took remedial measures to ensure that Cortez received a fair trial, and we do *493 not find an abuse of discretion in the trial court's denial of a mistrial.
Judgment affirmed.
PHIPPS and MIKELL, JJ., concur.
NOTES
[1] Coalson v. State, 237 Ga.App. 570, 515 S.E.2d 882 (1999).
[2] Cook v. State, 276 Ga.App. 803, 804(1), 625 S.E.2d 83 (2005).
[3] Parnell v. State, 260 Ga.App. 213, 218(6), 581 S.E.2d 263 (2003).
[4] (Citation omitted.) Coalson, supra at 571, 515 S.E.2d 882.
[5] See Perdue v. State, 250 Ga.App. 201, 203(1), 551 S.E.2d 65 (2001).
[6] Coalson, supra at 570, 515 S.E.2d 882.
[7] OCGA § 16-5-70(b).
[8] Hopkins v. State, 209 Ga.App. 376, 377(1), 434 S.E.2d 74 (1993).
[9] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[10] Perdue, supra at 203-204(2), 551 S.E.2d 65.
[11] Perdue, supra at 204, 551 S.E.2d 65.
[12] Howell v. State, 278 Ga.App. 634, 636(1), 629 S.E.2d 398 (2006).
[13] Cook, supra at 806(3), 625 S.E.2d 83.
[14] McCoy v. State, 273 Ga. 568, 572(9), 544 S.E.2d 709 (2001); Howell, supra.